## MILLEN & SOUTHWESTERN RAILROAD COMPANY *v.* ALLEN.

1. The charge of the court below states the contentions of the parties fairly and with sufficient fullness and clearness.
2. An exception to the charge of the court is not sufficiently specific and definite to raise any question for determination, where it assigns error generally as follows: "because the entire charge of the court, in charging the law applicable to the facts of the case, is error for this reason: that in each place, in referring to the negligence of the railroad company, using the expression 'no negligence,' and thereby causing the jury to believe that any negligence of the railroad company would be a good ground upon which the plaintiff could recover, and does not confine the negligence of the railroad company, if there was negligence, to the act of negligence set out in the plaintiff's petition, to wit, the leaving of the railroad spike on the track between the service-train and the derailment of the passenger-train."
3. The court below having charged the jury, "If the plaintiff recovers in this case, I charge you that she must recover upon proof of acts of negligence set out and alleged in the declaration," it was not necessary

for the court to add this qualification to every proposition of law which he charged, when instructing the jury as to what state of facts would authorize them to find for or against the defendant.

4. It is not error to refuse a written request to charge, when such request, so far as it is legal and pertinent, has already been sufficiently covered in the court's general charge.

5. If the court undertakes to instruct the jury as to the methods by which a witness may be impeached, he should instruct them as to all the methods of impeachment, so far as such instructions are authorized by the evidence; but his failure to do so will not require the granting of a new trial, where no written request was made to charge the jury as to the mode of impeachment omitted by him from his instructions upon the subject of impeachment of witnesses.

6. The assignment of error upon the ruling of the court excluding certain evidence was without merit, it appearing that the evidence was clearly irrelevant.

7. The evidence in the case was sufficient to support the verdict.

Argued December 2, 1907.—Decided May 15, 1908.

Action for damages. Before Judge Rawlings. Emanuel superior court. June 12, 1907.

The action was for the negligent killing of the plaintiff's husband. Her petition alleged, that her husband was, at the time he was killed, in the employment of the railroad company as engineer. About midway between Graymont and Summit, stations on the defendant's line, the engine which he was operating was derailed, and turned over, and, in falling, caused injuries from which he died. During the morning of the derailment and prior thereto, employees of the railroad company were working on the track at the point of derailment, and, in connection with the work, were using a hand-car. This hand-car was removed from the track in order that a service-train might pass. The service-train came along shortly before the passenger-train, which the deceased was running, reached said point. After the service-train had passed, and before the passenger-train had reached the place of derailment, the track-hands returned to work on the track, replacing the hand-car at the point of derailment. The track-hands, in leaving the place of derailment shortly before the arrival of the passenger-train, left the track in an unsafe condition, a railroad spike having been negligently left on one of the rails of the track at that place. This negligence of the defendant caused the injuries to the petitioner's husband which resulted in his death. The derailment occurred on a curve in the tracks, and the deceased, by the exercise of ordi-

42

nary care and diligence, could not have discovered the unsafe condition of the track in time to have avoided it. At the time of his death he was 43 years of age and was receiving $75 per month for his services as engineer. The defendant denied the alleged negligence on its part, and alleged a failure on the part of the plaintiff's husband to exercise due care and caution. A verdict having been found in the plaintiff's favor for $7,500, the defendant filed a motion for a new trial, which was overruled, and it excepted.

*Saffold & Larsen,* for plaintiff in error.

*Lamar & Callaway* and *Smith & Kirkland,* contra.

BECK, J. (After stating the facts.)

1. Several grounds of the motion for a new trial in this case embraced lengthy extracts from the court's charge, which contained a statement of the respective contentions of the plaintiff and the defendant; and the exceptions taken in the grounds of the motion referred to are that those portions of the charge failed to state the contentions of the defendant with sufficient fullness, and presented too prominently, and with too much stress and detail, the contentions of the plaintiff, and ignored and minimized the contentions of the defendant. But an examination of the whole charge shows that, considering it in its entirety, the judge fairly stated the contentions of both sides. It can not be inferred, from the fact that the contentions of the plaintiff were stated more at length than those of the defendant, that undue stress was laid upon or undue prominence given to the contentions of the former. In the case of *Macon, D. & S. R. Co.* v. *Joyner,* 129 *Ga.* 683 (59 S. E. 902), it was said: "If the plaintiff's case requires a full, definite, and affirmative allegation of certain facts, and the defense to the cause of action as stated rests upon a mere denial of the allegations in the petition, and the trial judge sums up the contentions of both parties by a fair statement of the material allegations in the petition, and then states that these allegations are denied by the defendant, how can it be said that he has failed to state the contentions of either party? But in the case at bar the judge, after setting forth in his instructions to the jury the affirmative allegations in the petition, went further and gave in substance the contentions of the defendant as developed in the trial of the case; and it would seem that if the defendant had desired a more elaborate statement of its contentions, a timely written request therefor should have been offered."

In the case of *Atlanta Consolidated Street Ry. Co.* v. *Bagwell, 107 Ga.* 159 (33 S. E. 191), it was said: "In the sixth ground of the motion for a new trial, complaint is made that the court erred in its charge in stating specifically the contentions of the plaintiff, as set out in the declaration, and in regard to the contentions of the defendant merely charged that 'You will also have the answer of the defendant company, and you can look to that for its contentions.' While the contentions of both parties should be stated by the court to the jury with equal fullness and fairness, yet in this case we do not think the plaintiff in error has any just cause of complaint in this respect, as the court in its charge fully, fairly, and correctly stated the law applicable to every issue in the case. Moreover the answer of the defendant was simply a denial of the allegations in the declaration." And in the case of the *Central Ry. Co.* v. *McKinney, 118 Ga.* 535 (45 S. E. 430), it was held: "The really important thing is for the judge to give the jury clearly and fairly the law applicable to the issues involved; and, if he does this, his failure to formally state the contentions as shown by the pleadings will not, as a general rule, be cause for a new trial." As was said in the case from which one of the above quotations was taken, if the defendant had desired a more elaborate statement of his contentions. a timely written request for such should have been offered.

2. It is complained, in another ground of the motion, that the court committed error, "because the entire charge of the court, in charging the law applicable to the facts of the case, is error for this reason: that in each place, in referring to the negligence of the railroad company, using the expression 'no negligence,' and thereby causing the jury to believe that any negligence of the railroad company would be a good ground upon which the plaintiff could recover, and does not confine the negligence of the railroad company, if there was negligence, to the act of negligence set out in the plaintiff's petition, to wit, the leaving of the railroad spike on the track between the service-train and the derailment of the passenger-train." This ground of the motion is not sufficiently specific and definite in the assignment of error. Particular portions of the charge, containing the expression objected to, "no negligence," should have been set forth in the motion for a new trial, and in the ground assigning error upon the use of that expression.

This court will not undertake to search through the charge and note the connection in which the expression was used, in order to see whether, considered in the light of the context, it was erroneous or not.

3. The 11th, 12th, 13th, and 14th grounds of the motion for a new trial complain of portions of the judge's charge, upon the ground that they do not confine the acts of negligence upon which plaintiff would be entitled to recover to those expressly set forth. This criticism, however, will be seen to be without merit, when it is considered that in a later portion of the charge the court distinctly instructed the jury, "If the plaintiff recovers in this case, I charge you that she must recover upon proof of the acts of negligence set out and alleged in her declaration." It was not necessary for the judge to add this qualification to every proposition of law which he charged in the case, when instructing the jury as to what state of facts would authorize them to find for or against the defendant.

4. The defendant, on the trial in the court below, submitted a certain request to charge, restricting the plaintiff's right to recover to proof of the acts of negligence alleged. We do not think that the failure to charge in the terms of this request was error. So far as it was legal and pertinent, it was substantially covered by the court in the general charge, where he used the language quoted in the third division of this opinion.

5. The court, without request, charged the law as to the impeachment of witnesses by proof of general bad character, but did not instruct the jury touching the law that a witness may be impeached by disproving material facts testified to by him. It is true, as urged in the criticism upon this part of the court's charge, that if the court undertakes to instruct the jury as to the methods of impeachment of a witness, he should instruct them as to all the ways in which a witness may be impeached, so far as such instructions are authorized by the evidence; but his failure to do so will not require the granting of a new trial, where no written request was made of the court to charge the jury upon that mode of impeachment which was omitted by him from his instructions upon the subject of the impeachment of witnesses.

6. The defendant offered to prove by one Johnson, who had been introduced by it as a witness, the following: "that he, Mr.

Johnson, was an engineer on the Millen & Southwestern Railroad, and that there was an effort made to wreck his train, by something having been tied upon the track; and to show that it was in the city of Graymont, and that there were no section hands there; that it happened three weeks after the derailment of the train now in question, and that it was three railroad spikes tied to the track; the admissibility of this testimony being to rebut the inference that the train was wrecked by a spike left on the track by the employees of the company, and to support the denial of the defendant that said derailment of the train was caused by the conduct of some one in no way connected with said defendant company." Such evidence was clearly irrelevant, and the court properly refused to admit it. We do not think the fact that a felonious attempt was made to derail the train on the defendant's track at a different point from that at which the wreck occurred in which the plaintiff's husband lost his life would in any way illustrate the question as to whether the latter derailment was caused by the negligence of the company's employees in leaving a railroad spike upon the track, or caused by a spike which had been placed there intentionally by parties not in the employment of the company, for the malicious purpose of causing a wreck.

7. There was evidence to authorize a recovery on the part of the plaintiff; and we can not say that the amount at which plaintiff's damages were fixed by the jury was excessive.

　　　　　*Judgment affirmed. All the Justices concur.*