## 10765.  RUMPH v. THE STATE.

BROYLES, C. J.  1. While "the law is well settled that when a judge under-
takes to charge the law on any subject, he must charge all of it upon
that subject that is material and applicable to the case" (*Harper* v.
*State*, 17 *Ga. App* 561 (2), 87 S. E. 808), in this case the charge of
the court upon the subject of impeachment of witnesses sufficiently
covered all of that subject which was material and applicable.

(*a*) It was sought to impeach several of the State's witnesses by proof
that on the commitment trial of the defendant their testimony was
materially different from what it was on this trial, but none of them
admitted that his testimony on the former trial was false; on the
contrary they all denied that their testimony on the two trials was
different.  Under these facts it was not error for the court, in the
absence of a timely and appropriate written request, to fail to charge
the jury that if a witness wilfully and knowingly swore falsely as to
a material matter, his testimony ought to be disregarded entirely
unless corroborated by circumstances or other unimpeached evidence.
*Robison* v. *State*, 114 *Ga.* 446, 447 (40 S. E. 253).  See also *Millen
& Southwestern R. Co.* v. *Allen*, 130 *Ga.* 656 (5), 660 (61 S. E. 541).

(*b*) The excerpt from the charge of the court complained of was not error
for any reason assigned.

2. The verdict was authorized by the evidence, and the court did not
err in overruling the motion for a new trial.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 4, 1919.

Conviction of manslaughter; from Macon superior court—Judge
Littlejohn.  June 21, 1919.

*John B. Guerry,* for plaintiff in error.

*Jule Felton, solicitor-general,* contra.