## 18560. WALL v. THE STATE.

1. It is not cause for a new trial that in the charge of the court the contentions of the State were stated more in detail than those of the accused.
2. The instruction of the court that the jury must assume the duty and responsibility of passing upon the facts in the case without any aid by the court "or by any one else," except in the charge of the court, was not cause for a new trial on the ground that it misled the jury or caused them to conclude that the argument of counsel was to be disregarded as an aid in reaching a proper verdict.
3. In the charge on reasonable doubt there was no error that would require a reversal.
4. The evidence authorized the verdict.

DECIDED DECEMBER 13, 1927.

Criminal Law, 16 C. J. p. 990, n. 3; p. 1008, n. 94; p. 1036, n. 65; p. 1040, n. 88; p. 1057, n. 22; 17 C. J. p. 271, n. 41.

Selling intoxicating liquor; from city court of Thomson—Judge Stovall. September 20, 1927.

*J. B. & T. R. Burnside, B. Randall Evans,* for plaintiff in error.

*J. Q. West, solicitor,* contra.

LUKE, J. The defendant was convicted on two counts of an accusation, the first charging possession and control of intoxicating liquors, and the second charging the sale of intoxicating liquor; and he excepts to the overruling of his motion for a new trial.

1. The first special ground of the motion for a new trial alleges error because the court charged the contentions of the State more in detail than he did those of the defendant. "While the contentions of the State were given more at length than were the contentions of the defendant, the statement of the defendant's contentions was apparently full and fair, and, in the absence of a timely and appropriate request for fuller instructions as to his contentions, no error appears in this respect. It is well settled that the mere fact that the contentions of one side are stated more at length than those of the other does not show that undue stress was laid upon or undue prominence given to the contentions so stated. *Millen &c. Railroad Co.* v. *Allen,* 130 *Ga.* 656 (1), and cit." *Smith* v. *State,* 24 *Ga. App.* 654 (2a) (101 S. E. 764).

2. Error is assigned because the court charged the jury as follows: "If you have in any manner got an idea that I have intimated to you what I think has been proven or has not been proven, I ask you now to disregard it entirely. You must assume the duty and the responsibility of passing upon the facts in this case without any aid by me or by anyone else, except in so far as the charge which I give you—the rules under which you will apply the law to the evidence in this case." While the words "or by anyone else" might well have been omitted, we are of the opinion that this instruction did not mislead the jury or cause them to conclude that "the argument of counsel is to be disregarded as an aid to the jury in reaching a proper verdict on the facts of the case." Even were this true, it applied with equal force to counsel for both sides. The charge complained of contains no reversible error.

3. The court charged the jury that in order to authorize a conviction, the evidence must satisfy their minds "as reasonable and impartial jurors beyond a reasonable doubt. . . The rea-

sonable doubt which the law contemplates and to which the defendant is himself entitled to the benefit of, is just such a doubt as would remain in the mind of an honest juror conscientiously undertaking from a careful analysis and careful weight of all the evidence in the case, just such a doubt as would remain in the mind of a juror, that kind of a juror and under those circumstances." There is no reversible error in this charge. See *Peterson* v. *State,* 47 *Ga.* 524 (5).

4. There was direct evidence that the defendant possessed whisky and sold whisky; the jury believed this evidence, as shown by their verdict; the trial judge approved their finding; and the judgment overruling the motion for a new trial will not be disturbed.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*