28292. CHEATHAM *v.* THE STATE.

DECIDED APRIL 10, 1940.

*Linton S. Johnson, Shackelford & Shackelford,* for plaintiff in error.
*Clarence E. Adams, solicitor, R. H. Gordon,* contra.

GUERRY, J.   The evidence for the State tended to show that the defendant received the goods at his home.   The prosecutor's home, from which the goods were stolen, was on the western side of Madison County.   The defendant's home was one mile to the north. Jackson County is west of Madison County.   Under this evidence the home of the defendant could be in another county, and not in Jackson or Madison.   The evidence may have warranted a finding that it was not in Jackson County, but it did not exclude every reasonable hypothesis save that it was in Madison County.   Although the language used in *Bryant* v. *State,* 80 *Ga.* 272, 275 (4 S. E. 853), may support the contention that, where no particular issue is made, a jury of the vicinage may be presumed to know locations, we think older and later decisions of the Supreme Court and of this court have fixed the rule in respect to the proof of venue. *Dickerson* v. *State,* 186 *Ga.* 557 (199 S. E. 142) ; *Williamson* v. *State,* 58 *Ga. App.* 389 (198 S. E. 552).

*Judgment reversed.   Broyles, C. J., and MacIntyre, J., concur.*