35899.   JACKSON *v.* THE STATE.

Decided October 13, 1955.

*H. W. Lott,* for plaintiff in error.

GARDNER, P. J. ■ The evidence is somewhat conflicting, but in our opinion it is insufficient to support the verdict of guilty.

■ Special ground 1 assigns error because of the following excerpt from the charge of the court: "I charge you further that it is a misdemeanor for one to sell and barter for a valuable consideration, alcoholic, spirituous, vinous, and intoxicating liquors, intoxicating whisky, intoxicating bitters and drinks, which, if drunk to excess, will produce intoxication, in this county; and for one to be guilty of so doing he is guilty of a misdemeanor, and if convicted will be sentenced by the court as for a misdemeanor." The issue before the court, as revealed by the record, was whether or not the defendant was guilty of illegally selling whisky. The court properly charged on the Code section regarding the sale of intoxicating liquors, under the record of the case. There is no merit in this contention.

■ Special ground 2 assigns error on the following excerpt from the charge: "I charge you as regard to witness that a witness may be impeached by showing that he is guilty of a crime involving moral turpitude. The question as to whether a witness has been successfully impeached, however, is a question solely for determination by the jury. The jury may, if they see fit to do so, find that he has been successfully impeached, or the jury could, if they saw fit to do so, find that he has not been successfully impeached; and if he has been successfully impeached, then the jury should disregard his testimony; but if the jury finds that he has not been successfully impeached they have a right to believe that witness, or give to the witness credit for whatever they think his evidence is worth. That is a question for determination by the jury."

Special ground 3 assigns error because the court failed to give the following charge: "A witness may be impeached by contradictory statements made by him as to matters relevant to his testimony and to the case." We think the court properly charged sufficiently on the impeachment of witnesses. The excerpt as set out in special ground 2 was not error, and it was not error to fail to charge as set out in special ground 3, inasmuch as the court sufficiently covered the matter of impeachment of witnesses.

■ Special ground 4 assigns error on the following excerpt from the charge: "You take into consideration all the evidence, facts,

and circumstances in this case, giving to the defendant's statement such weight and credit as you think it is entitled to receive, and if you believe that this defendant did, on the 5th day of September, in the year 1954, or at any time within two years prior to the finding and filing of this bill of indictment into court, sell, for a valuable consideration, any of the articles referred to and described in the bill of indictment, that is, alcoholic, spirituous, vinous, intoxicating liquors, intoxicating whisky, intoxicating bitters and drinks, which, if drunk to excess, will produce intoxication, and you believe that beyond a reasonable doubt, you would be authorized to convict the defendant." In view of the record and the whole charge, there is no error in this contention.

■ Special ground 5 assigns error on the court's charge as follows: "If you find there is a conflict between the testimony of any witness or witnesses in the case it becomes the duty of the jury to reconcile that conflict, if it can be done, without imputing perjury to any witness. However, if this cannot be done it then becomes the duty of the jury to believe that witness or those witnesses whom the jury think best entitled to credit and belief." In view of the conflict in the evidence this is a correct charge and was not harmful to the defendant. There is no error in this contention.

■ Special ground 6 assigns error because it is alleged that the State failed to carry the burden of venue. Counsel cited no case in support of this contention or for that matter, any other contention, and we have found nothing directly on this point. We think the venue was sufficiently established by proof that the residence of the defendant was in Cook County. This assignment is not meritorious.

■ Special ground 7 complains because the court failed to charge the law of circumstantial evidence as follows: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." While it might have been the better practice for the court to have charged this, apparently there was no timely written request to do so and the failure was not harmful to the defendant. This contention is without merit.

■ Special ground 8 assigns error because it is alleged that the

following evidence was illegally admitted: "'I will ask you to state whether or not you've bought any liquor from this man within the last two years.' The witness, Charlie Kelly, answered, 'I bought whisky from the man, that's the man that they call Lawyer Jackson.'" While the above evidence is in conflict with what the same witness said before, this testimony was not illegally admitted under the whole record of this case.

The court erred in denying the motion for new trial on the general grounds.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*