## 30881. PARMER v. THE STATE.

HALL, Justice.

Parmer was convicted of rape and sentenced to life and convicted of armed robbery and sentenced to twenty years, to run consecutively. He appeals.

1. Parmer contends that a mistrial should have been declared because of two questions that were asked him during cross examination.

The prosecuting attorney asked Parmer a question concerning his effort to avoid apprehension. His attorney moved for mistrial on the ground that the state could ask no questions concerning flight unless the indictment charged the crime of escape. The trial court did not err in denying the motion. *Holsey v. State,* 235 Ga. 270, 272 (219 SE2d 374) (1975); *Coley v. State,* 135 Ga. App. 810 (219 SE2d 35) (1975). Furthermore, Parmer himself introduced evidence of flight when he testified under direct examination that after he was arrested, he escaped from jail.

When the prosecuting attorney asked Parmer a question about a lineup, his attorney moved for a mistrial. The trial court denied the motion but instructed the prosecuting attorney to ask no more lineup questions. The court also instructed the jury to disregard this matter and to consider only the charges covered by the indictment. We find no abuse of discretion by the trial court in refusing the mistrial. *Woods v. State,* 233 Ga. 495, 498 (212 SE2d 322) (1975); *McCorquodale v. State,* 233 Ga. 369 (211 SE2d 577) (1974).

2. In his cross examination of Parmer the prosecutor stated that a witness had identified Parmer from two photographic lineups, and asked Parmer if he remembered the testimony that way. Parmer replied that he did, but his counsel objected that the testimony had been different. The trial court instructed the jury that the prosecuting attorney could not testify unless sworn as a witness; that in asking a question he could state his recollection of what a witness had said, but that the jury would make the determination of what the witness actually said; and that anything the prosecutor might say "as being evidence is not evidence." These instructions

removed any possible harm done by the statement. *Coker v. State,* 234 Ga. 555 (216 SE2d 782) (1975).

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 27, 1976 — DECIDED MARCH 11, 1976.

*Glaze, Glaze, McNally & Glaze, Kirby A. Glaze,* for appellant.

*William H. Ison, District Attorney, Douglas N. Peters, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Staff Assistant Attorney General,* for appellee.