## 30786. POLLARD v. THE STATE.

NICHOLS, Chief Justice.

The defendant was convicted of murder and sentenced to life imprisonment. His motion for new trial was overruled and the present appeal filed.

1. The first enumeration of error excepts to the overruling of the motion for new trial on the general

grounds and the second enumeration of error to the court's failure to direct a verdict of not guilty. The evidence reveals that the victim had worked late on the night of his death. He left work at about 11:30 p.m., stopped for gas at about 11:45 p.m. and was found in his car with lights on and the motor running at about 12:30 a.m. by his son. The car was on a narrow dirt road leading to the victim's home and had stopped when it came in contact with a tree. The defendant lived next door to the victim. The windshield of the victim's car had seven holes in it and seven .30 caliber shell cases were found in the road near the car. One .30 caliber bullet was removed from the victim's head. The defendant, when questioned by officers the next day, stated that he had come home about 10 p.m. the previous night and did not hear any gunfire. When asked about a .30 caliber rifle he owned, he told officers that it had been stolen from his house about two months previously; later he told officers that it had been stolen from his truck in Rome two weeks previously. It was also established that the defendant had some trouble with a tenant on the night of the death and called police, whose records indicated that the call was completed at 11:27 p.m. which placed the defendant's arrival at his house at about the same time as the victim left work. Witnesses also testified that the missing gun was seen in the gun rack of the defendant's truck at the time of the trouble with the tenant. Two or three days after the murder, defendant left his home and livestock unattended. After nine days' absence the police obtained a search warrant for the defendant's home and ground. Upon search of the premises they removed some bullets from an oak tree. These bullets matched the one removed from the victim's body. Shell casings were found near the house which matched those found at the murder scene.

The evidence was sufficient to sustain the verdict and these two enumerations of error have no merit.

2. The third enumeration of error complains of the overruling of the motion to suppress the evidence obtained when the search warrant was executed. The affidavit given for the search warrant is four pages long and recites every step of the investigation up until the defendant's flight and what they expected to find upon the

premises. There was no information in the affidavit purported to be from an informer and cases such as Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637), do not apply. In Brooks v. United States, 416 F2d 1044 (5), it was held that local law enforcement officials participating in common investigation are reliable informants and their information may be relied on to establish probable cause for the issuance of search warrants. There is no merit in this enumeration of error which attacked the sufficiency of the affidavit made for the issuance of the search warrant here.

3. The fourth enumeration of error complains of the trial court's failure to give two requested instructions to the jury. Each of the requested instructions was covered by the charge given and the failure to instruct the jury in the language requested, even if such requests were perfect, does not constitute reversible error. See *Emmett v. State,* 232 Ga. 110, 116 (205 SE2d 231) (1974).

4. The fifth enumeration of error complains of the trial court's failure to charge on alibi. The defendant testified that he arrived home on the night of the murder at about 10 p.m., that he went to bed shortly thereafter and did not hear any gunfire on the night in question. He stated that he learned of the death of his neighbor from a radio report at about noon the following day. In *Pippins v. State,* 224 Ga. 462, 465 (162 SE2d 338) (1968), this court held: "Since alibi was his sole defense and was thus sustained by some evidence, it was reversible error not to charge upon it even in the absence of a request." The failure to so charge in this case is reversible error.

5. The sixth enumeration of error complains of the overruling of the defendant's motion for mistrial and the failure to give curative instructions to the jury. This case is being reversed and sent back for new trial and the alleged error will probably not reoccur. No ruling is made on this enumeration of error.

*Judgment reversed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

ARGUED FEBRUARY 9, 1976 — DECIDED
APRIL 6, 1976.

590

*Cook & Palmour, Bobby Lee Cook, Howe & Sutton, Don Howe,* for appellant.

*John T. Perren, District Attorney, Arthur K. Bolton, Attorney General, James L. Mackay,* for appellee.