## 31456. HILL et al. v. THE STATE.

HALL, Justice.

Dwellie Hill and Henry Cummings were charged and convicted of armed robbery and sentenced to life imprisonment. They enumerate three errors in their appeal: (1) failure to grant a mistrial because of the state's opening statement to the jury; (2) alleged failure to corroborate the accomplice's testimony and (3) failure to charge the law of alibi.

1. The alleged remarks of the assistant district attorney in his opening statement were not transcribed. See *Kemp v. State,* 226 Ga. 506 (2) (175 SE2d 869) (1970). Furthermore, the trial court stated to the jury that while he didn't know if any comment was made concerning some offense other than that charged, he nevertheless instructed them to disregard those remarks. We find no abuse of discretion by the trial court in refusing to grant the mistrial. *Parmer v. State,* 236 Ga. 507 (224 SE2d 375) (1976).

2. The testimony of the accomplice concerning appellant's identity was independently corroborated by other evidence which tended to connect the appellants as participants in the robbery. See *West v. State,* 232 Ga. 861 (209 SE2d 195) (1974). "Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict." *Birt v. State,* 236 Ga. 815, 826 (225 SE2d 248) (1976).

The appellants were among the four persons found in

a vehicle that was pursued and stopped on December 7, 1974. Inside the vehicle were two masks and a revolver. Alvin Hawkins, the driver of the automobile, was also charged with the robbery. He confessed and testified for the state. His testimony was that he, the appellants and Henry Miller (those found in the stopped automobile) planned the robbery. He stated that on the night of November 17, 1974 he was sent in first to case the store. Afterwards, appellants Hill and Cummings left the automobile wearing masks and carrying guns. Hawkins identified one of the masks found in the automobile as that worn by Cummings. He identified the revolver taken from the victim as the one he saw when the money was being divided by the appellants the night of the robbery at Miller's house.

The victim testified that he had ample opportunity to identify his assailants even though they wore masks. He described both their dress and physical appearance in great detail and then pointed out the appellants as the two people in the courtroom who resembled the robbers. He identified the two masks found in the automobile as the ones used by his assailants and he identified the revolver found in the automobile as the one taken from him during the robbery. This evidence sufficiently corroborated Hawkins' testimony as to the appellants' guilt, thereby warranting the jury's finding.

3. Both appellants testified that they were in their respective homes on the night of the robbery. The trial court did not charge on alibi and they contend this failure was error guaranteeing them a new trial. It is, of course, the duty of the trial court, whether requested or not, to give the jury appropriate instructions on every substantial issue in the case which is raised by the evidence and this is true as to the defense of alibi where it is the sole defense. *Pollard v. State,* 236 Ga. 587 (224 SE2d 420) (1976). However, the state contends that the above principle of law is inapposite here for the reason that if there was error by the trial court, it was induced by the action of the defense counsel.

The transcript is bare of any indication or request on the part of appellants' counsel that an alibi charge was needed. After the entire charge had been given, the trial

court asked appellants' counsel the following question: "Anything the defendant wishes to call to the court's attention?" Counsel replied "No."

Three recent decisions of this court have modified to some extent its previous holdings on the duties of the trial court respecting charges to the jury. *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859) (1975) made a distinction between failure to request a charge on some collateral issue in the case and failure to object to the charge as given. *Stonaker v. State,* 236 Ga. 1 (222 SE2d 354) (1976) held that although a lesser included offense is a substantial issue in the case, a charge on that offense is waived unless timely requested. Then in a case very germane to the issue here, the trial court had asked defense counsel if he wanted the court to charge on an incriminating statement. He replied in the affirmative. The court so charged the jury; on appeal the charge was cited as error. This court held that the reply ". . . was tantamount to a request to so charge. *Induced error is impermissible." Edwards v. State,* 235 Ga. 603, 604 (221 SE2d 28) (1975). (Emphasis supplied.) We apply the same principle to the facts here. Where counsel has an undisclosed defense theory, introduces evidence to support the same at the trial, the trial court fails to charge on this defense but nevertheless asks counsel if he has left out anything and counsel replies in the negative, we hold that the error was induced by counsel and will not be a ground for a new trial. Error can be induced by a negative answer as well as by an affirmative one. "A defendant will not be allowed to induce an asserted error, sit silently by hoping for an acquittal, and obtain a new trial when that tactic fails." *Jackson v. State,* 234 Ga. 549, 553 (216 SE2d 834) (1975). The basis of this principle was explained in a recent decision of the Supreme Court of the United States where that Court noted the probable result of allowing such a point to be raised after the verdict: "Strong tactical considerations would militate in favor of delaying the raising of the claim in hopes of an acquittal, with the thought that if those hopes did not materialize, the claim could be used to upset an otherwise valid conviction at a time when reprosecution might well be difficult." Davis v. United States, 411 U. S. 233, 241 (1973). The same

principle was applied again in Francis v. Henderson, — U. S. — (96 SC 1708, 48 LE2d 149), a case involving alleged prejudice in excluding Negroes from the grand jury.

The principle of induced error which we follow here is in keeping with the rule that a "defendant is entitled to a fair trial but not a perfect one. . ." Schneble v. Florida, 405 U. S. 427, 432 (1972). "We are thinking of the end which the law serves, and fitting its rules to the task of service." Cardozo, The Nature of the Judicial Process, 102 (1922).

*Judgment affirmed. All the Justices concur, except Gunter, Jordan, and Ingram, JJ., who dissent as to Division 3 only.*

SUBMITTED AUGUST 20, 1976 — DECIDED SEPTEMBER 8, 1976.

*Hinton R. Pierce, Stanley C. House,* for appellants.

*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Assistant Attorney General,* for appellee.

GUNTER, Justice, dissenting.

I dissent from the principle enunciated in Division 3 of the majority opinion. The majority has, in my view, under the doctrine of "induced error" repudiated the intention of the General Assembly, as interpreted by this court as late as 1975, and has, without reference to it, effectively overruled a 1975 decision of this court.

The majority opinion says: "Where counsel has an undisclosed defense theory, introduces evidence to support the same at the trial, the trial court fails to charge on this defense but nevertheless asks counsel if he has left out anything and counsel replies in the negative, we hold that the error was induced by counsel and will not be a ground for a new trial. Error can be induced by a negative answer as well as by an affirmative one."

I take issue with this ruling on two grounds. First, if evidence has been introduced that supports a defense for the accused, the defense theory is certainly not "undisclosed." It is plainly apparent, because there is

evidence before the jury that supports such defense.

Second, this ruling by the majority in the instant case rather surreptitiously overrules, for all practical purposes, the decision of this court in *Sims v. State,* 234 Ga. 177 (214 SE2d 902) (1975) where this court said in Division 2 (a): "(a) Under the Appellate Practice Act of 1965 as amended (Ga. L. 1965, p. 18; 1968, pp. 1072, 1078), an appellant in a criminal case may appeal and enumerate error on an erroneous charge or on erroneous failure to charge without first raising the issue in the trial court. *Spear v. State,* 230 Ga. 74 (195 SE2d 397). The benefits of this rule are not deemed waived by defendant even where his counsel states to the trial judge that he has no objection to the charge of the court." Pp. 178, 179.

I would adhere to the rule stated in *Sims* until that rule is changed by the amendment of the Appellate Practice Act by the General Assembly. Further, as I read the transcript and record in this case, there was no "induced error."

I respectfully dissent.

I am authorized to state that Justice Ingram concurs in this dissent.