## 55511. WHITE v. THE STATE.

SMITH, Judge.

Dr. White was convicted on six counts of prescribing controlled substances for other than legitimate medical purposes, in violation of § 21 of the Georgia Controlled Substances Act (Ga. L. 1974, pp. 221, 251). We reverse the convictions on Counts 1 and 2 of the indictment because the trial court erroneously failed to charge on the law of entrapment applicable to those counts. As to the convictions on Counts 3 through 6, we affirm.

The facts constituting the basis for the six counts on which White was convicted occurred on June 13, 1977. On that date two undercover, GBI agents, posing as patients, visited White's office and, according to White, "pressured" him for drugs of all kinds. White further testified that, while he was sitting at his desk, one of the agents sat on the edge of the desk and tapped a letter opener in his hand, all the while demanding drug prescriptions. White also testified that at one point he tried to exit the office but one agent moved in front of the door while the other grabbed White's arm and demanded "more drugs." White stated that, in accordance with the agents' demands, he wrote out two prescriptions in the name of an absent person whom he had never seen. White admitted he had not

written those two prescriptions for a legitimate medical purpose. Also in accordance with the agents' demands, White wrote out two prescriptions to each of the agents. The doctor claimed he wrote all six prescriptions because he feared the "patients," yet he declined to admit that he had not written the latter four for a legitimate medical purpose. White had treated these two "patients" and prescribed controlled substances for them on prior occasions. The agents denied they had pressured White into writing any of the prescriptions.

1. As to the two counts involving the prescriptions written for the absent person, White requested a charge on entrapment and objected to the trial court's failure so to charge. We believe the trial court erred, and the convictions on these two counts must be reversed. Jury questions were presented here as to whether the idea for committing the crimes originated with the agents and as to whether the agents induced White to write the prescription "by undue persuasion." Code § 26-905. As to the other four counts, however, White declined to admit he had written the four prescriptions there involved for other than a legitimate medical purpose, and thus a charge on entrapment was not authorized. *Reed v. State,* 130 Ga. App. 659 (1) (204 SE2d 335) (1974).

2. Entrapment did not appear as a matter of law, and the court correctly overruled White's motion for directed verdict.

3. Contrary to White's contention, the mere fact that the undercover agents used aliases and posed as patients was no ground for the suppression of incriminating evidence they obtained thereby.

4. Just subsequent to the conclusion of the charge a juror asked the court about the "legal implication of duress." The court responded; "A charge on duress would not be authorized in this case. Duress is not an excuse for a crime if that answers your question." White neither requested a charge on duress nor objected to the omission of instruction on duress. Furthermore, immediately following the court's comment quoted above, the court inquired whether there was any objection, and White's counsel raised none applicable to the treatment of duress. Appellant induced the alleged error and will not now be

heard to complain that the court erroneously failed to charge on duress. *Hill v. State,* 237 Ga. 523 (3) (228 SE2d 898) (1976).

5. White asserts the trial court erroneously allowed certain testimony. However, he does not cite the portion of the 378-page transcript wherein the allegedly objectionable testimony is recorded. Therefore, we will not consider the merits of this enumeration of error. Court of Appeals Rule 18(c) (3) (i).

6. White's counsel raised no objection to the trial court's limiting of his argument to the jury, and his objection, raised initially on appeal, presents nothing for review.

7. The trial court charged the following definition of "legitimate medical purpose": "[A] legitimate medical purpose is the alleviation of pain in the human body or the control or correction of physical problems in the human body." White argues the charge was erroneous, first of all, because it did not indicate that treatment for mental depression, for which White had allegedly prescribed one of the drugs here involved, was a legitimate medical purpose. We agree; however, we find no reversible error, as White's requested charge on the subject, the equivalent of which the court gave, likewise omitted any reference to treatment for mental depression. *Norris v. State,* 40 Ga. App. 232 (3) (149 SE 158) (1929). White further asserts this charge constituted harmful error because it failed to include the following requested language: "[I]f you have a reasonable doubt as to whether the Defendant honestly thought that the prescriptions would serve a lawful medical end, then those presciptions would not be unlawful, even though the Defendant might have exhibited poor professional judgment." We find no merit in that assertion, as the court sufficiently charged on mens rea and reasonable doubt, although not in the exact language requested.

8. White's counsel did not object or move for mistrial upon the trial court's alleged, prejudicial intimations of opinion. Moreover, the court charged the jury that it had intimated no opinion and that the jury was to base its verdict on the evidence alone. We find no reversible error. See *Kapplin v. Seiden,* 109 Ga. App. 586 (3) (137 SE2d 55)

(1964).

9. White's attorney acquiesced in the court's allegedly erroneous handling of voir dire, and he will not be heard to object for the first time on appeal.

10. The court orally announced its sentence was imposed on the contingency that White's medical license be revoked. However, the sentence as written and included in the record contains no such contingency. We therefore conclude that the noneffective, oral contingency was harmless error.

*Judgment reversed in part and affirmed in part. Deen, P. J., and Banke, J., concur.*

SUBMITTED MARCH 2, 1978 — DECIDED JULY 3, 1978 — REHEARING DENIED JULY 25, 1978 — 

*O'Berry & San Filippo, L. Lyn O'Berry,* for appellant.

*John T. Perren, District Attorney, Robert W. Pitts, Assistant District Attorney,* for appellee.