## 56838. GRISSON v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of aggravated assault. *Held:*

1. The trial court did not err in permitting trial defense counsel to stipulate that defendant's out-of-court statement was voluntarily made after having been advised of his rights under the Miranda rule. Objection to a confession may be waived through the failure to object at trial. *Reeves v. State,* 241 Ga. 44, 45 (243 SE2d 24). Similarly, a defendant at trial may waive objection by stipulating that an extrajudicial statement was made voluntarily.

2. One of the state's witnesses on cross examination admitted that he had pleaded guilty to a misdemeanor possession of marijuana. The trial court refused on request to charge on impeachment of a witness by showing conviction of a crime involving moral turpitude. A witness cannot be discredited even by his own testimony that he has been convicted; it is necessary to introduce an authenticated copy of the record of the court in which he was convicted. *Rewis v. State,* 109 Ga. App. 83, 85 (134 SE2d 875). The record of conviction was not introduced. No error was committed in failing to charge as requested.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 30, 1978— DECIDED DECEMBER 5, 1978.

*Galis, Timmons, Andrews & Head, John W. Timmons, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Assistant District Attorney,* for appellee.