## 34152. WHITE v. THE STATE.

HALL, Justice.

Dr. White was convicted of prescribing controlled substances for other than legitimate purposes in violation of the Georgia Controlled Substances Act. Two agents of the Georgia Bureau of Investigation, posing as patients, visited Dr. White's office and demanded that he give them prescriptions for drugs. The doctor claims that he issued the prescriptions because he feared the "patients."

On appeal to the Court of Appeals, Dr. White enumerated error on the trial court's omission to give an instruction on duress though he neither requested such a charge nor objected to the omission when asked by the court if there were any objections.

The Court of Appeals, citing *Hill v. State,* 237 Ga. 523 (228 SE2d 898) (1976), held that the alleged error was induced by the appellant and he could not be heard to complain on appeal. *White v. State,* 146 Ga. App. 810 (247 SE2d 536) (1978).

We granted certiorari on this one issue.

Under the Appellate Practice Act of 1965 as amended (Ga. L. 1965, p. 18; 1968, pp. 1072, 1078), a defendant in a criminal case may appeal and enumerate error on an erroneous charge or on erroneous failure to charge without first raising the issue in the trial court. There are, however, exceptions to this general rule. *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859) (1975), made a distinction between failure to request a charge on some collateral issue in the case or to object to an omission to charge, and failure to object to the charge as given.

Failure to request a charge on a collateral issue or failure to object to an omission to charge have precluded appellate review of the issue, but failure to object to the charges given has fallen within Code Ann. § 70-207 (a). *Stonaker v. State,* 236 Ga. 1 (222 SE2d 354) (1976) held that although a lesser included offense is a substantial issue in the case, a charge on that offense is waived unless timely requested. *Edwards v. State,* 235 Ga. 603, 604 (221 SE2d 28) (1975), and *Hill v. State,* 237 Ga. 523 (228 SE2d 898) (1976) held that an appellant cannot complain where either the error in the charge or the erroneous failure to charge was induced by him.

The record in this case shows that at the conclusion of the court's charge a juror asked the court to explain the "legal implication of duress," to which the court replied, "A charge on duress would not be authorized in this case. Duress is not an excuse for a crime if that answers your question." Immediately following, the court inquired whether there was any objection, and defendant's counsel raised none applicable to the treatment of duress. In our opinion this does not amount to induced error under *Edwards* and *Hill.* However, we do hold that the appellant has waived his right to enumerate error by failing to respond to the court's inquiry on any objections to the charge. *Sims v. State,* 234 Ga. 177 (214 SE2d 902) (1975), which is contrary to the holding here, is overruled. Where the trial court inquires whether there was objection and the defendant's counsel states that he reserves the right to object in his motion for new trial or appeal, there is no waiver. *Gaither v. State,* 234 Ga. 465 (216 SE2d 324) (1975).

*Judgment affirmed. All the Justices concur, except Bowles, J., who concurs in the judgment only, and Jordan and Hill, JJ., who dissent.*

SUBMITTED NOVEMBER 3, 1978 — DECIDED FEBRUARY 15, 1979 — REHEARING DENIED MARCH 6, 1979.

*Milam, Smith, Nash & San Filippo, Ronald C. San Filippo, Frank G. Smith,* for appellant.

*John T. Perren, District Attorney,* for appellee.

JORDAN, Justice, dissenting.

I dissent to the majority opinion for the reasons stated by Justice Gunter in his dissent in *Hill v. State,* 237 Ga. 523 (228 SE2d 898) (1976) in which I concurred.

The 1968 amendment to the Appellate Practice Act (Ga. L. 1968, pp. 1072, 1078) clearly expresses the legislative intent that defendants in criminal cases are excluded from the requirement of objecting to an allegedly erroneous charge or omission to charge in order to preserve that issue on appeal. I think this court is bound by that pronouncement until a contrary expression is made by the legislature.

I agree that a defendant can waive this benefit in the same manner as other rights might be waived. But the record should show an affirmative, clear and intelligent waiver of this important right given to him under the law.

Such is not shown by the record in this case and the Court of Appeals erred in so holding.

I respectfully dissent.

HILL, Justice, dissenting.

I believe the law was stated correctly in *Sims v. State,* 234 Ga. 177, supra, and I would not overrule that decision. I therefore dissent.