## 59391. JACKSON et al. v. THE STATE.

BIRDSONG, Judge.

Thomas Irby Jackson and Jerome Denton were jointly indicted, tried and convicted in Hancock County for two counts of receiving stolen property. They enumerate four errors below. *Held:*

1. The trial court's failure to charge that a witness could be impeached by proof of his conviction of a felony or a crime involving moral turpitude, was not reversible error.

The state's case-in-chief came from the thief who stole the truck, welder, and tools from two shops in Washington and McDuffie Counties. On direct examination, the state elicited testimony from the thief that he was serving a two-year sentence for car theft and also had been convicted of car theft and burglary in 1970, motor vehicle theft in Texas, and theft by taking in Jesup, Georgia. The defense did not object to this testimony as being unsupported by authenticated records of conviction (see *Grisson v. State,* 148 Ga. App. 362 (2) (251 SE2d 383); and *White v. State,* 147 Ga. App. 260 (248 SE2d 540)). The defense did not touch on the matter of the witness' convictions in cross examination. The defense did not request a charge on impeachment of a witness by proof of a felony conviction. The trial court in its charge stated: "I will now charge you on the law of impeachment" and proceeded to instruct "to impeach a witness is to show . . . that such witness is unworthy of belief . . . A witness may be impeached by disproving the facts testified to by him . . . or by proof of contradictory statements previously made by him . . . as to the matters relating to his . . . testimony [in] the case." Following the charge, the trial court asked the defense if there were any exceptions to the charge, to which the defense counsel responded, "no."

The error, if it was error in these circumstances to fail to instruct on impeachment by proof of felony conviction, was induced by the appellants, *Hill v. State,* 237 Ga. 523, 524-525 (228 SE2d 898). The evidence of the felony convictions had been introduced by the state, no doubt to minimize the effect of any impeachment efforts by the defense; the appellants made no attempt to rely on that testimony as impeaching the witness and if it was part of their defense, it was "undisclosed" (*Hill,* supra, p. 525) and was not brought to the trial court's attention. Most importantly, the matter of impeachment goes to a *collateral* issue in the case and not to the central issue of determination of guilt or innocence. *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859); *Hill,* supra; see also *Nelms v. State,* 150 Ga. App. 720, 721 (258 SE2d 531). Therefore, appellants

waived their right to enumerate error in this instance by failing to respond to the trial court's inquiry on any objections to the charge. *White v. State,* 243 Ga. 250 (253 SE2d 694); *Thomas,* supra; *Mayfield v. State,* 150 Ga. App. 807 (258 SE2d 613).

Appellants cite *Harper v. State,* 17 Ga. App. 561 (87 SE 808) and *Rouse v. State,* 2 Ga. App. 184 (7) (58 SE 416) as authority that "while it is not incumbent on a trial judge . . . to charge the law as to impeachment of witnesses, still, where the subject is referred to in the charge, proper and adequate instructions thereon should be given." We do not think this principle supervenes the principles we have just followed in deciding the case. If the trial court had undertaken to instruct on impeachment by evidence of felony conviction or crimes involving moral turpitude, but had done so improperly or inadequately, then the principles which decide this case might then be inapplicable, and the result might be different.

2. It was not error, as appellant Jackson contends, for the trial court to omit a charge on the effect of evidence of good character. As we held in Division 1 of this opinion, by failing to request such an instruction on a collateral issue, or object to its omission when asked for objections, appellant waived his right to enumerate as error on appeal the failure of the trial court to charge on the effect of evidence of good character. See *Spear v. State,* 230 Ga. 74, 75 (195 SE2d 397).

3. Appellant Jackson contends that the evidence shows that the truck and welder, unlawful receipt of which is the subject of the indictment against Jackson in Count 1, were delivered by the thief to appellant Denton in Hancock County and were subsequently found by police in Greene County, and there is no evidence connecting Jackson with their possession or showing that Jackson ever exercised control over the property in Hancock County. Jackson therefore contends venue is not proved as to Jackson in Count 1. We disagree. The testimony of the thief was that he stole the items from Kelly Wood's shop in McDuffie County after he told Jackson and Denton he would do so; the parties agreed the items would be delivered to Denton for Jackson, in Hancock County, and Jackson left the payment for the goods with Denton in Hancock County. Some other articles identified as being stolen from Kelly Wood's shop in McDuffie County were found on Jackson's property in Taliaferro County. The venue of the offense of receiving stolen goods is the county where the articles are received (*Cheatham v. State,* 62 Ga. App. 503 (8 SE2d 689)) or bought (*Sampson v. State,* 60 Ga. App. 512 (1) (4 SE2d 290)). The jury convicted Jackson of receiving goods stolen from Kelly Wood's shop, having concluded

upon the evidence beyond a reasonable doubt that that is what Jackson did. The items were received and bought in Hancock County. We would therefore be unauthorized to say that venue was not proved as to Jackson in Count 1 of the indictment.

Appellant's third enumeration of error being devoid of any merit, it is unnecessary to consider the final enumeration of error.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED FEBRUARY 6, 1980 — DECIDED MARCH 11, 1980 — REHEARING DENIED MARCH 26, 1980 —

*Denmark Groover, Jr., Albert H. Dallas, Roosevelt Warren,* for appellants.

*Joseph H. Briley, District Attorney,* for appellee.