### 36311. JACKSON et al. v. THE STATE.

CLARKE, Justice.

We granted certiorari to review the holding in Division 1 of the Court of Appeals in *Jackson v. State,* 154 Ga. App. 139 (267 SE2d 767) (1980), dealing with their application of the induced error doctrine set forth in *Hill v. State,* 237 Ga. 523 (228 SE2d 898) (1976), to this case.

Defendants Jackson and Denton were jointly tried and convicted of theft by receiving stolen property. The main evidence for the state consisted of testimony from the thief involved in the transaction. During his testimony, the state brought out the facts of the witness's past felony convictions and defense counsel went into the convictions on cross examination. In his charge to the jury, the trial court charged on the law of impeachment by evidence of contradictory statements, but did not charge on impeachment by evidence of prior felony convictions. Defendants had not requested a charge on impeachment, and when asked at the conclusion of the charge if there were any exceptions to the charge, defense counsel replied "none." The Court of Appeals held that error in the impeachment charge could not be raised on appeal because reliance on impeachment was a defense theory which was "undisclosed," and by stating there was no objection to the charge, defendants had induced the error under the principles of *Hill v. State, supra.*

Code Ann. § 70-207 (a) provides that in civil cases, "no party may

complain of the giving or the failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict." When this statute was enacted in 1966, it applied to "all cases." Ga. L. 1966, pp. 493, 498. The act was amended in 1968, Ga. L. 1968, pp. 1072, 1078, to provide that the provisions "shall not apply in criminal cases." The statute relieves the defendant in a criminal case from making exceptions as to errors in a charge.

Through an evolutionary process, this court has interpreted the code section and found certain instances in which the relief granted to the defendant may be waived by the defendant and certain other instances where the defendant may lose his right to relief by inducing the court to make an erroneous charge.

One of such means is when a defendant devises a tactical trial plan which maneuvers the court into a frying pan or fire position. This is true particularly in instances of charges on lesser included offenses. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976), deals with the issue of raising failure to charge on a lesser included offense on appeal and established specific rules governing this particular area only.

Induced error was the issue in *Edwards v. State,* 235 Ga. 603 (2) (221 SE2d 28) (1975) and *Hill,* supra. In *Edwards,* there was an affirmative act or statement on the part of defense counsel which encouraged the charge which was given by the court. In *Hill,* the holding was again concerned with trial tactics and involved an undisclosed affirmative defense which was asserted by the defendant at a later time. Insofar as *Hill* holds that a negative reply to an inquiry by the court on the charge is induced error, it should be limited to the facts of that case, and we find the Court of Appeals erred in applying induced error in this case.

This leaves the question of whether there was a waiver of the right to raise error in the charge on the part of defendant's counsel. Under our holdings in *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979), and *Hill v. State,* 246 Ga. 402 (1980), defense counsel has waived any rights under Code Ann. § 70-207 by stating he had no objection to the charge. In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure set forth in *Gaither v. State,* 234 Ga. 465 (216 SE2d 324) (1975), and approved in *White,* of reserving the right to object on motion for new trial or on appeal. Here defense counsel neither objected nor reserved the right to later object, and under such circumstances, the defendant has waived the right to raise the issue on appeal.

*Judgment affirmed. All the Justices concur, except Jordan, P.J., and Hill, J., who concur specially.*

ARGUED JULY 8, 1980 — DECIDED OCTOBER 2, 1980.

*Groover & Childs, Denmark Groover, Jr., Albert H. Dallas, Roosevelt Warren,* for appellants.

*Joseph Briley, District Attorney, Sallie Jocoy, Assistant District Attorney,* for appellee.

HILL, Justice, concurring specially.

Code § 70-207 (a) (Ga. L. 1968, pp. 1072, 1078) permits the appellant in a criminal case to appeal an erroneous charge or omission in charge without first raising the issue in the trial court. But see *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859) (1975).

In *Sims v. State,* 234 Ga. 177 (2) (214 SE2d 902) (1975), this court held (at 179): "The benefits of this rule are not deemed waived by defendant even where his counsel states to the trial judge that he has no objection to the charge of the court."

*Sims v. State,* supra, was overruled in *White v. State,* 243 Ga. 250, 251 (253 SE2d 694) (1979), with Justices Jordan and Hill dissenting. I adhere to that dissent and would apply *Sims v. State,* supra, here.

However, I concur in the judgment in this case for a different reason. The majority base their decision on waiver. Thus the majority impliedly find error in the impeachment charge by omission of impeachment by prior felony convictions. I would find no error, there having been no request to charge on impeachment by prior felony convictions. In *Webb v. State,* 140 Ga. 779 (1) (79 SE 1126) (1913), the court held: "If the trial judge undertakes to instruct the jury as to the methods by which a witness may be impeached, he should instruct them as to all the methods of impeachment, so far as the instructions are authorized by the evidence. But it has been held by this court that his failure to do so will not require the grant of a new trial, where no written request was made to charge the jury as to the mode of impeachment omitted from his instructions upon the subject of impeachment of witnesses. *Millen &c. R. Co. v. Allen,* 130 Ga. 656 (5), 657 (61 SE 541)." See also *Smaha v. George,* 195 Ga. 412, 419-420 (24 SE2d 385) (1943); *Jackson v. State,* 92 Ga. App. 774 (3) (90 SE2d 29) (1955).

I therefore concur in the judgment.

I am authorized to state that Presiding Justice Jordan joins in this special concurrence.