### 61407. PARKER v. THE STATE.

QUILLIAN, Chief Judge.
The defendant appeals his robbery conviction. *Held:*

1. It is contended that the trial judge erred in failing to define "corroboration" in his charge on impeachment of witnesses.

"In the absence of request, the court's failure to define the meaning of terms used in the charge is not ordinarily ground for reversal." *Dix v. State,* 238 Ga. 209, 215 (232 SE2d 47). There being no request for further elucidation, we find the charge not subject to the objection urged against it.

2. Trial counsel objected to the judge's charge as to any lesser included offenses of armed robbery.

On appeal it is contended that the trial judge confused the jury by a recharge which withdrew a portion of the charge with regard to one lesser included offense. It is now argued that it was error to withdraw the portion of the charge and that the language used in the recharge was erroneous. However, the transcript reveals that at the close of the recharge the trial judge inquired "any exceptions?" and received the reply from the defense attorney "none for the defense."

Under the recent holding of *Jackson v. State,* 246 Ga. 459 (271 SE2d 855) there was a waiver of the right to raise error on the recharge on the part of defendant's counsel.

3. "The evidence was sufficient, when considered in the light most favorable to the prosecution, to convince a rational trier of fact as to the guilt of the appellant beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Gilmore v. State,* 246 Ga. 245 (271 SE2d 171).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 12, 1981.

*L. Lee Washburn III, Donald J. Stein,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, Assistant District Attorneys,* for appellee.