64434, 64595. STEPHENS v. THE STATE (two cases).

SHULMAN, Presiding Judge.

Appellant was convicted, under two separate indictments, of theft by receiving property stolen in another state (Code Ann § 26-1816). The issues raised by this appeal are the general grounds, the trial court's instruction on venue, the admissibility of a transcript of a tape-recorded statement made by appellant after his arrest, and the court's refusal to excise from that statement certain phrases appellant contends placed his character in issue.

1. The evidence at trial was sufficient to show that appellant's brother stole certain property in Tennessee and that appellant, with knowledge that the property was stolen, subsequently had control of that property in Dade County, Georgia, the county in which trial was held. That evidence was sufficient to convince any reasonable trier of fact that appellant was guilty beyond a reasonable doubt of the crimes charged. *Baldwin v. State,* 153 Ga. App. 35 (264 SE2d 528).

2. The trial court's instruction on venue was based on Code Ann. § 26-1811. That section provides that in a prosecution for several designated theft offenses, including the one for which appellant was indicted, venue is proper in any county in which the accused "exercised control" over the property which was the subject of the offense. Appellant argues that a different rule was enunciated by this court in *Jackson v. State,* 154 Ga. App. 139 (267 SE2d 767). There, citing two cases that preceded the venue statute, this court held that the state had sufficiently proved venue in that theft by receiving case by proving that the property was bought and received in the county where the trial was held. That does not amount to a holding that venue is proper *only* where the property is bought or received. Reason compels the conclusion that one who has bought or received stolen property has "exercised control" over that property. The holding in *Jackson,* therefore, is consistent with the provisions of Code Ann. § 26-1811. The evidence in this case amply demonstrates that appellant exercised control over the property in question: he was apprehended while changing a tire on one stolen truck and had the ignition key to another stolen truck in his pocket. Since appellant and the stolen trucks were, at the time of appellant's arrest, in the county in which the trial was held, the trial court's charge on venue was correct.

3. The state introduced at trial a transcript of a tape-recorded statement given by appellant after his arrest. Appellant enumerates as error the admission of that evidence.

The first ground relied upon by appellant is that the state failed

to lay the proper foundation for admission of the transcript. Contrary to counsel's assertion in the brief filed with this court, that ground of objection to the admission of the transcript of appellant's statement was not raised in the trial court. "Grounds which may be considered on appeal are limited to those which were urged before the trial court. [Cit.]" *Kingston v. State,* 127 Ga. App. 660, 661 (194 SE2d 675).

The second ground asserted by appellant is his contention that his statement was induced by hope of benefit. We do not agree, although the interrogating officer did tell appellant that he was helping himself by telling the truth, that judges love to hear that defendants helped the police, and that although telling the truth put appellant "right in the hot seat," it also showed that he cooperated. Those statements, along with repeated statements that the officer could not promise any help, "did not constitute the kind of 'hope of benefit' which is contemplated by Code Ann. § 38-411." *Presnell v. State,* 241 Ga. 49, 55 (5) (243 SE2d 496), revd. as to sentence only, 439 U. S. 14 (99 SC 235, 58 LE2d 207).

4. Appellant's other objection to the use of his statement was that a portion of it placed his character into issue without his having done so. The language appellant found objectionable was his explanation of his reasons for not helping with the theft of the vehicles he subsequently received in Georgia. He told his brother, the principal thief according to appellant's statement, that he would not help because he had already been in trouble there. Assuming without deciding that appellant's assertion that he had been in trouble there amounted to a reference to separate and distinct criminal offenses (but see *Dollar v. State,* 149 Ga. App. 97 (3) (253 SE2d 461)), there was still no error in the trial court's refusal to excise that portion of appellant's statement: " 'It is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense. [Cits.]' " *Lee v. State,* 154 Ga. App. 562, 564 (269 SE2d 65).

5. In his brief, defendant specifically abandoned his other enumerations of error.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

Decided November 5, 1982 —<br>Rehearing denied November 16, 1982 —

*James A. Meaney III,* for appellant.

*David L. Lomenick, Jr., District Attorney, Roland L. Enloe, Assistant District Attorney,* for appellee.