46038. CARVER v. THE STATE.
(375 SE2d 599)

BELL, Justice.

The appellant, Leroy Carver, was convicted of malice murder and aggravated assault. He appeals, and we affirm.[1]

---

[1] The crimes occurred on September 10, 1985. The grand jury of Ware County for the April 1985 term indicted Carver on one count of murder and two counts of aggravated assault. On February 25, 1986, a Ware County trial jury convicted Carver of the murder and one of the aggravated-assault charges, and acquitted him of the other charge of aggravated assault. On February 28, 1986, the trial court sentenced Carver to life imprisonment for murder, and twenty years, consecutive to the life sentence, for aggravated assault. On March 20, 1986, Carver moved for a new trial. In February 1987 Carver's trial counsel moved to withdraw from the case, and in October 1987 the court appointed Carver's present counsel to represent him. On April 26, 1988, Carver filed an amended motion for new trial; on April 27, 1988, the court heard the motion; and on May 19, 1988, the court denied the motion. On June 16, 1988, the court granted Carver a thirty-day extension to file his notice of appeal. The court reporter completed certification of the transcript on July 12, 1988. On July 14, 1988, Carver filed a notice of appeal. The clerk of superior court completed certification of the record on July 19, 1988. The clerk of this court docketed the appeal on July 25, and the

1. The evidence presented by the state showed that on September 10, 1985, Carver, who had been drinking and had a blood-alcohol content of .12, engaged in an altercation with a friend, Sarah Crosby, at her residence over possession of some household goods that she had obtained from him. Without provocation, he brandished a knife and chased her son, Timothy Hutcheson,[2] into her apartment, where he attacked and severely wounded Hutcheson with the knife. Hutcheson, attempting to defend himself with a pool stick, succeeded in striking Carver with the stick before Carver wounded him so seriously that he could no longer grasp the stick. During the melee another of Crosby's relatives, Johnny King, Jr., tried to help Hutcheson, but Carver fatally wounded him with the knife.

Carver contends that Crosby, Hutcheson, and King lured him into the apartment in order to rob him. He testified that they beat him on the head with the pool stick, held him on the floor, stomped him, and searched his pockets. He claimed that he was able to get a hand loose and retrieve a knife from his pocket, which he used to defend against their attack by knifing King and Hutcheson.

Although the evidence is in conflict, we conclude that, viewed in the light most favorable to the jury's determination, the evidence would authorize a rational trier of fact to find the defendant guilty of murder and aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err in refusing to grant a new trial on the ground of newly discovered evidence.

3. The appellant contends that the court erred in refusing to give the jury his requested charge on self-defense. We find no error, as the court gave a charge that adequately covered the same principles of law as the requested charge. *Strickland v. State*, 250 Ga. 624 (6) (300 SE2d 156) (1983).

4. Appellant asserts that the court erred by failing to charge on certain principles of justification. The appellant did not request an instruction on these principles, but he contends that nevertheless the court should have instructed on the principles sua sponte. However, under the circumstances of this case we find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 2, 1989.

*McGee & McGee, James B. McGee III*, for appellant.

*Harry D. Dixon, District Attorney, Richard E. Currie, Assistant District Attorney, Michael J. Bowers, Attorney General, Leonora*

---

appeal was submitted for decision on briefs on September 9.

[2] Or "Hutchison;" the record uses both spellings.

*Grant*, for appellee.