A89A0340. SNEED v. THE STATE.
(379 SE2d 813)

SOGNIER, Judge.

James Horner Sneed was convicted of the offense of theft by taking (motor vehicle) and he appeals.

Appellant contends in his sole enumeration of error that the trial court erred by denying his motion for new trial because the evidence was insufficient to support his conviction. At trial, the victim, Clarence Bryson, testified that when he and his wife departed for a long weekend vacation in November 1987, he left his 1983 Dodge Ram van locked and parked in the driveway and that upon their return the vehicle was gone. Bryson immediately contacted the police about the vehicle's disappearance. Bryson testified that appellant had been performing improvements on Bryson's home and that appellant had been allowed to use the van to transport building supplies. Bryson testified that appellant had also driven the van when he had accompanied Bryson on a trip to Michigan but that appellant did not have any authority to take the van or use it while Bryson was away on vacation.

When appellant was subsequently arrested in December 1987 in Lexington, Kentucky, the police found a parking garage ticket in his

wallet which led the police to the victim's van. The key used to operate the van was a duplicate of the victim's key, and the license plate on the van was not the original plate but instead was the license plate for a 1974 Dodge van appellant had purchased in September 1987. Evidence was presented that the duplicate key was made at a True Value Hardware store and that such a store was near appellant's Whitfield County residence.

Appellant testified that he had never had a duplicate key made for Bryson's van, that he had sold his 1974 van and placed the license plate in the back of Bryson's van but did not put the license plate on Bryson's van, and that Bryson brought the van to appellant in Kentucky and asked appellant to keep it for him.

We find the evidence sufficient to authorize a rational trier of fact to find appellant guilty of theft by taking (motor vehicle) beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Although appellant argues there was no evidence that he broke into the vehicle or "hotwired" it, the jury would have been authorized to conclude from the evidence that appellant had had a duplicate made of the victim's car key during a period when appellant was authorized to drive the vehicle and that appellant had used that duplicate key to take unlawfully Bryson's van. While appellant asserts that his testimony proves, contrary to Bryson's statements, that appellant's possession of the van was with Bryson's consent, "[i]t is the function of the jury to determine the credibility of witnesses and to weigh and resolve any conflicts in the testimony. This court must view the evidence in a light most favorable to the jury's verdict. [Cit.]" *Blackman v. State*, 178 Ga. App. 88, 89 (1) (342 SE2d 24) (1986). The trial court did not err by denying appellant's motion for a new trial.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MARCH 9, 1989.

▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

*Bates, Kelehear & Starr, Harlan M. Starr*, for appellant.
*Jack O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee.