A89A1514. WILLIS v. THE STATE.
(387 SE2d 7)

McMurray, Presiding Judge.

In this out-of-time appeal, defendant Willis appeals his convictions for aggravated assault upon victims King and Atwater. *Held*:

1. Defendant's first enumeration of error raises the sufficiency of the evidence. The evidence viewed in the light most favorable to the jury's verdicts shows that: victim King arrived at the Dew Drop Inn, a nightclub, around 8:30 or 9:00 p.m. King, who was afraid of defendant and usually avoided him due to previous incidents in which defendant had slapped or picked at her, was unaware that defendant had arrived earlier. King sat at the bar talking to an acquaintance. Defendant, who had been seated in a dark corner got up and went to the bathroom. When defendant came back out of the bathroom he mumbled some curse words to King, walked over and picked up King's cup of beer (a golden Champale) off the bar and threw it in her face. King responded by throwing a bottle at defendant which missed. Defendant turned as though to leave, but then turned towards King and shot her with a small handgun. As defendant was leaving, he encountered Atwater and Bentley, a brother of victim King just outside the nightclub. The pair had heard the shot inside and had just been told about the incident inside. As he passed the pair defendant stated "that go for you too." While Atwater assumed that defendant was speaking to Bentley, when defendant fired a shot it was Atwater who was hit in the leg.

While defendant presented evidence in support of the defenses of self-defense and accident, the resolution of the conflict in the evidence was for the jury. *Sneed v. State*, 190 Ga. App. 673, 674 (379 SE2d 813). The handgun, in the context of the manner in which it was used, was a deadly weapon per se. See *Adsitt v. State*, 248 Ga.

237, 240 (6) (282 SE2d 305); *Zachery v. State*, 158 Ga. App. 448, 449 (3), 450 (280 SE2d 860); *Watts v. State*, 142 Ga. App. 857, 858 (4), 859 (237 SE2d 231); *Bentley v. State*, 131 Ga. App. 425, 427 (3) (205 SE2d 904). The evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of each of the two offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Moses v. State*, 190 Ga. App. 699 (1) (379 SE2d 819).

2. Defendant's third and fourth enumerations of error complain of the trial court's charge to the jury. However, appellate review of the issues raised by these enumerations of error is barred by defendant's failure to either object or to reserve the right to later object in response to the trial court's request for objections. *Grant v. State*, 185 Ga. App. 497, 499 (5) (364 SE2d 628).

3. In his second enumeration of error, defendant raises for the first time the issue of ineffective assistance of trial counsel.

" 'It is a requisite of a sound system of criminal justice, serving alike the proper ends of defendants and of the public, that any contention concerning the violation of the constitutional right of counsel should be made at the earliest practicable moment.' *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986). [Defendant] did not raise the ineffectiveness issue when he originally sought an out-of-time appeal nor was the issue later raised in the trial court before the present appeal was brought by [defendant's] new counsel. This is understandable since, in seeking an out-of-time appeal, a defendant ostensibly is seeking only permission to file a direct appeal to an appellate court and not any form of post-conviction relief from the lower court itself. Nevertheless, our Supreme Court has declined to address the merits of an ineffectiveness claim where the issue was raised neither in the defendant's original request for an out-of-time appeal nor in the trial court after the request had been granted. *Bell v. State*, 259 Ga. 272 (381 SE2d 514)." *Smith v. State*, 192 Ga. App. 246, 247 (__ SE2d __). Accordingly, pursuant to the authority of *Bell v. State*, supra, we hold that defendant has waived the right to raise the ineffectiveness issue in the context of the present appeal.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 19, 1989 —
REHEARING DENIED OCTOBER 10, 1989 — ▬▬▬▬▬▬

*Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.