A90A1752. SHACKLEFORD v. THE STATE.
(403 SE2d 74)

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of aggravated assault. Following the imposition of sentence and the denial of his motion for a new trial, defendant appeals. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred by failing to charge the jury fully on the law of self-defense. We disagree.

First, we note that defendant's trial counsel neither objected nor reserved objections to the trial court's charge. Accordingly, defendant cannot now complain that the trial court's charge on self-defense was incomplete. *Jolley v. State*, 254 Ga. 624, 627 (3), 628 (331 SE2d 516); *Willis v. State*, 193 Ga. App. 135, 136 (2) (387 SE2d 7). Second, we find the trial court's charge on self-defense to be complete: The trial court charged on self-defense in the language of OCGA § 16-3-21 and instructed the jury that the burden was on the State to prove that defendant did not act in self-defense. See *Hudson v. State*, 171 Ga. App. 181, 183 (319 SE2d 28). See also *Strickland v. State*, 250 Ga. 624, 627 (300 SE2d 156).

2. There is no merit in defendant's contention that the trial court erred in refusing to permit inquiries by defense counsel on cross-examination of the victim concerning the victim's criminal record. "A witness cannot be discredited even by his own testimony that he has been convicted; it is necessary to introduce an authenticated copy of the record of the court in which he was convicted. *Rewis v. State*, 109 Ga. App. 83, 85 (134 SE2d 875). The record of conviction was not

introduced." *Grisson v. State*, 148 Ga. App. 362 (2) (251 SE2d 383).

3. Defendant contends the trial court erred in denying his motion for a new trial on the ground that his trial counsel rendered ineffective assistance. In this connection, defendant points out that his trial counsel (a) failed to request a complete charge on self-defense or to object to the trial court's charge on self-defense; (b) failed to obtain an authenticated copy of the victim's record of convictions; and (c) failed to subpoena two witnesses who would have given testimony demonstrating that defendant reasonably believed he needed to act in self-defense. This contention is without merit.

(a) The trial court's charge on self-defense was complete. See Division 1. It cannot be said, therefore, that defendant's trial counsel rendered ineffective assistance by failing to request a more complete charge on self-defense or to object to the trial court's charge on self-defense.

(b) We fail to see how trial counsel's failure to introduce the victim's criminal record affected the outcome of the trial. *Johnson v. State*, 260 Ga. 159 (391 SE2d 113). (This is especially so since defendant was permitted to testify, without objection, that the victim "tried to hurt me before like this and he had been threatening he was going to kill me and all and he'd done killed one person . . .") Accordingly, defendant has failed to meet the second prong of the ineffective assistance of counsel test. *Johnson v. State*, 260 Ga. 159, supra.

(c) At the hearing on his motion for new trial, defendant testified that two witnesses would have testified at trial concerning the reasonableness of defendant's belief that he needed to act in self-defense but that his trial counsel failed to subpoena them. In this regard, defendant testified that (1) Milton Boykin would have testified at trial that shortly before the incident in question the victim said he was going to kill defendant and that (2) Johnnie Mae Chivers would have testified at trial that the victim had threatened to kill defendant.

Assuming, arguendo, that defendant himself could state at the hearing on his motion for new trial what the witnesses would have testified to at the trial, but see OCGA § 24-3-1, we fail to see how trial counsel's failure to present the testimony of the witnesses would have affected the outcome of the case. See *Johnson v. State*, 260 Ga. 159, supra. The witnesses' testimony would not have demonstrated that defendant reasonably believed he needed to act in self-defense because the testimony would not have shown that defendant was aware that the victim made the statements to Boykin and Chivers before the incident in question occurred.

*Judgment affirmed. Sognier, C. J., and Carley, J., concur.*

770

Decided February 28, 1991.

*Word & Flinn, T. Michael Flinn*, for appellant.
*William G. Hamrick, Jr., District Attorney, Agnes T. McCabe,
Assistant District Attorney*, for appellee.