**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**April 30, 2020**

# In the Court of Appeals of Georgia

A20A0616. WHITE v. THE STATE.

MCFADDEN, Chief Judge.

Gerald White appeals from his aggravated battery conviction, challenging two jury instructions and the effectiveness of his trial counsel. But the jury instructions, which were not objected to, did not amount to plain error. And White has failed to show that his trial counsel's performance was both deficient and prejudicial. So we affirm the judgment of conviction.

1. *Facts and procedural posture.*

Viewed in the light most favorable to the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that White had a personal relationship with Shawn Price. On March 2, 2017, White and Price were driving home from a restaurant when they got into an argument. The argument

escalated into a physical altercation, during which White bit off the end of Price's left index finger.

White was indicted for aggravated battery for biting off a portion of Price's finger. White was also indicted for offenses arising out of other incidents with Price, including charges of aggravated assault, criminal damage to property, and two counts of aggravated stalking. White pled not guilty, and the case proceeded to a jury trial. After the close of the state's evidence, the trial judge granted White's motion for a directed verdict of acquittal as to the criminal damage to property charge, but denied the motion as to the other charges. The jury found White guilty of aggravated battery, and found him not guilty of the remaining offenses. The trial judge sentenced White to serve ten years in confinement and ten years on probation. The trial court denied White's motion for a new trial, and this appeal followed.

2. *Jury instructions.*

White claims that the trial court erred in its jury instructions on malice and self-defense. White acknowledges that he did not object to those instructions at trial, so we review them only for plain error. See *Williams v. State*, 306 Ga. 717, 720 (2) (832 SE2d 805) (2019). In reviewing for plain error, "the proper inquiry is whether the instruction was erroneous, whether it was obviously so, and whether it likely affected

the outcome of the proceedings." *Manning v. State*, 303 Ga. 723, 727 (3) (814 SE2d 730) (2018) (citation and punctuation omitted).

(a) *Malice instruction.*

In response to a question from the jury, the trial court gave the jury the following pattern definition of malice for the offense of aggravated battery:

> Malice is not ill will or hatred. For the purpose of this code section, malice means an actual intent to cause the particular harm produced, that is, bodily harm, without justification or excuse. Malice is also the wanton and willful doing of an act with an awareness of a plain and strong likelihood that such particular harm may result. Intention may be shown by the circumstances connected with *the offense*. (Emphasis supplied).

White contends that the use of the phrase "the offense," as emphasized above, presumed the existence of a crime and thus constituted an improper comment on the evidence by the trial court. We disagree.

OCGA § 17-8-57 (a) (1) provides that "[i]t is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused." But "[t]that statute is violated only when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be." *Camphor v. State*, 272 Ga. 408, 414 (6) (c) (529 SE2d 121) (2000) (citation and punctuation

3

omitted). "And in order to determine whether a trial court has improperly expressed an opinion in its charge as to what has or has not been proved, the whole charge may be considered." *Hartzler v. State*, 332 Ga. App. 674, 681-682 (4) (774 SE2d 738) (2015) (citations and punctuation omitted).

Considering the jury charge as a whole, "we find that the trial court did not intimate its opinion that the evidence showed that [an offense had been committed]. The trial court merely stated [the definition of malice for aggravated battery]." *Buffington v. State*, 171 Ga. App. 919, 923-924 (8) (321 SE2d 418) (1984) (rejecting claim that jury charge defining murder improperly expressed court's opinion that crime had in fact been committed). The use of the phrase "the offense" within that definition referred to the charged crime and "did not assume or seem to assume[ the existence of an offense], as contended." *McMullen v. State*, 199 Ga. 521, 525 (1) (34 SE2d 892) (1945) (punctuation omitted).

> Furthermore, . . . we note that the trial judge [had] specifically instructed the jury that '[b]y no ruling or comment that the court has made during the progress of the trial [has the court] intended to express any opinion [up]on the facts of [this] case, [upon] the credibility of the witnesses, [upon] the evidence[,] or [upon the guilt or innocence of the defendant].' Thus, the trial court did not err by referring to ["the offense"] in [the definition of malice].

4

*Hartzler*, supra at 682 (4) (citations and punctuation omitted). See also *Mullinax v. State*, 255 Ga. 442, 445 (4) (339 SE2d 704) (1986) (finding that trial court's reference to "the slayer" in voluntary manslaughter charge did not constitute improper expression of opinion by court that the defendant had committed the offense). Since "we [have] conclude[d] that the charge regarding malice did not improperly comment on the evidence," *Carter v. State*, 269 Ga. 891, 893 (6) (506 SE2d 124) (1998), it follows that there was no plain error.

(b) *Self-defense instruction*.

White claims that the jury charge on self-defense was insufficient because it did not include the principle of law that the state had the burden of disproving such a defense beyond a reasonable doubt. While that principle was not set forth in the court's self-defense charge, it was included at another point in the jury instructions. During its charge on the state's burden of proof, the court instructed the jury that White bore no burden of proof and that "[w]hen a defense is raised by the evidence, the burden is on the [s]tate to negate or disprove it beyond a reasonable doubt." Thus, considering the jury instructions as a whole, "[w]e find no error, as the court gave a charge that adequately covered the same principle[] of law as the [suggested] charge." *Carver v. State*, 258 Ga. 824, 825 (3) (375 SE2d 599) (1989). Accord *Chapman v.*

5

*State*, 259 Ga. 706, 707 (3) (386 SE2d 129) (1989) (rejecting claim that court failed to give requested charge on state's burden when an affirmative defense is raised because the court charged that general principle of law); *Shackleford v. State*, 198 Ga. App. 768 (1) (403 SE2d 74) (1991) (jury charge not incomplete where trial court charged on self-defense and instructed jury that burden was on the state to disprove self-defense).

3. *Ineffective assistance of counsel.*

White claims that his trial counsel was ineffective in failing to object to the malice and self-defense jury charges, in failing to object to the general criminal intent jury charge, and in failing to impeach the victim with evidence that she had been arrested for obstruction of a police officer. To prevail on these claims, White "must show that counsel's performance was deficient and that the deficient performance so prejudiced [him] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different." *Puckett v. State*, 342 Ga. App. 518, 525 (2) (804 SE2d 648) (2017) (citation omitted). Because White must show both deficient performance and prejudice, "an insufficient showing on either of these prongs relieves the reviewing court of the need to address the other prong." Id.

6

(citation and punctuation omitted). White has not shown both prongs on any of his ineffectiveness claims.

(a) *Failure to object to self-defense charge.*

White claims that his counsel was ineffective in failing to object to the self-defense charge on the ground discussed above in Division 2 (b). But as explained in that division, viewed in the context of the entire jury charge, the self-defense jury charge was not erroneous. "Accordingly, trial counsel's failure to make [a meritless] objection [to the charge] does not amount to ineffective assistance." *Jackson v. State*, 306 Ga. 475, 479 (4) (a) (831 SE2d 755) (2019).

White also claims that counsel was ineffective in failing to object to the self-defense charge because feminine pronouns were used in the charge, so the jury would not know that it applied to White. But it is apparent that the pronouns were used in a generic sense and "[i]t may be assumed that a jury of average intelligence would take into consideration the defendant's sex in applying the court's charge on the law[.]" *Wright v. State*, 206 Ga. 644, 645 (2) (58 SE2d 181) (1950). See also *Ramsey v. State*, 145 Ga. App. 60, 63 (8) (243 SE2d 555) (1978), reversed on other grounds, 241 Ga. 426 (246 SE2d 190) (1978). Here, "the jury clearly would recognize [the self-defense charge] applied to the [male] defendant [who had raised such a defense]

without the necessity of the court explaining that." *Bailey v. Todd*, 126 Ga. App. 731, 736 (8) (191 SE2d 547) (1972). Such "an instruction which when giving the jury credit for ordinary intelligence is not confusing, is not prejudicial." Id. Accordingly, the claim of ineffective assistance fails.

(b) *Failure to object to malice charge.*

White claims counsel was ineffective in failing to object to the malice charge on the ground discussed above in Division 2 (a). But as explained in that division, viewed in the context of the entire jury charge, the malice charge was not erroneous. So the lack of a meritless objection to the charge "does not amount to ineffective assistance." *Jackson*, supra.

White further argues that counsel should have objected on grounds that the jury charge on malice likely confused the jury and failed to adequately cover the issues of justification and excuse. We find nothing confusing about the pattern instruction which clearly defined malice, and the jury charge as a whole fully instructed the jurors on the defenses of justification and excuse. Thus, White has failed to show ineffective assistance of counsel. See *Millen v. State*, 267 Ga. App. 879, 881 (2) (a) (600 SE2d 604) (2004) (failure to object to jury charge may constitute ineffective assistance only if the charge was erroneous or incomplete).

(c) *Failure to object to general criminal intent jury charge.*

The trial court's jury instructions included a charge that "[c]riminal intent does not mean an intention to violate the law or to violate a penal statute but means simply the intention to commit the act that is prohibited by a statute." White contends that his trial counsel should have objected to the charge because it did not specify that the indicted crime of aggravated battery required the specific intent of malice. The contention is without merit.

As an initial matter, we note that the contested jury charge was a correct statement of the law as to general criminal intent. See *State v. Ogilvie*, 292 Ga. 6, 8-9 (2) (a) (734 SE2d 50) (2012). In addition to that correct charge, the trial court also correctly instructed the jury that a person commits the offense of aggravated battery by maliciously causing bodily harm to another, that the indictment charged White with aggravated battery in that he maliciously caused bodily injury to the victim, and that the state must prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt As set out above in Division 2, the trial court also charged the jury on the definition of malice applicable to aggravated battery.

Viewed as a whole, it is apparent that the court's jury charge properly instructed the jury on the malicious intent required for the indicted offense of aggravated battery. Under these circumstances, White has not shown deficient performance since an objection to a correct statement of the law would have been meritless, and he has not shown prejudice because there is no reasonable likelihood that the outcome of the trial would have been different had counsel made the suggested objection. "Consequently, we cannot find [White's] lawyer[] ineffective for failing to object to the . . . jury instruction[] on [general] intent." *Downey v. State*, 298 Ga. 568, 574 (4) (b) (783 SE2d 622) (2016).

(d) *Failure to impeach victim.*

White claims that his trial counsel was ineffective in failing to impeach the victim with evidence that several months after the incident in this case, she was arrested for obstructing a police officer. But even assuming, without deciding, that counsel performed deficiently, given "the wealth of evidence against [White], including [the undisputed fact that White bit off a portion of the victim's finger, he] has failed to establish [a reasonable probability] that the results of his proceeding would have been different if his lawyer had brought out the victim's [arrest]." *White v. State*, 265 Ga. App. 155, 157 (1) (a) (592 SE2d 920) (2004).

10

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*