## 63476, 63477. BURGESS v. THE STATE (two cases).

SHULMAN, Presiding Judge.

Appellants are brothers who were co-indictees and co-defendants in an attempted armed robbery and aggravated assault case in which they were both found guilty. They now present identical appeals, raising the general grounds and taking issue with the denial of their motion for a new trial and the charge on alibi given the jury. Finding no merit to appellants' enumerations, we affirm their convictions.

1. There was evidence presented at trial from which the jury could conclude that appellants, armed and wearing hoods, entered a liquor store and pointed their weapons, one of which fired, at the two victims. The hood of one of the assailants came off, and both victims positively identified Joe W. Burgess as one of the perpetrators. One of the victims identified Billy D. Burgess as the other perpetrator. Thus, there was evidence from which a rational trier of fact could conclude beyond a reasonable doubt that appellants committed aggravated assault and attempted armed robbery. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Since the enumerations asserting the general grounds are without merit, it follows that the denial of a motion for new trial based on the general grounds was not error.

3. Appellants also take issue with the jury charge given on their sole defense, alibi. However, when asked by the trial court if there were any objections to the charge given, defense counsel responded in the negative. Thus, appellants "[have] waived [their] right to enumerate error by failing to respond to the court's inquiry on any objections to the charge." *White v. State,* 243 Ga. 250, 251 (253 SE2d 694); *Hill v. State,* 246 Ga. 402, 408 (271 SE2d 802). Appellants, mindful of the Supreme Court's decision in *White,* supra, maintain that Code Ann. § 70-207(a) specifically allows a criminal defendant the right to appeal an erroneous charge without objection to the charge at trial. The Supreme Court, in *Jackson v. State,* 246 Ga. 459 (271 SE2d 855), reconciled § 70-207 (a) with the *White* and *Hill* rulings and held that any rights available to a criminal defendant under § 70-207 (a) are waived when defense counsel states he has no objections to the charge. Such is the rule in this state, and we are neither inclined nor empowered to change it.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED APRIL 29, 1982.

*James L. Cline, Jr.,* for appellants.
*Joseph H. Briley, District Attorney,* for appellee.