## 65789. WILSON v. THE STATE.
## 65790. KENNEDY v. THE STATE.

CARLEY, Judge.

Appellants were jointly tried for the crimes of armed robbery and aggravated assault. The jury returned verdicts of guilty against both appellants. Their subsequent motions for new trial were denied. Appellants filed separate notices of appeal from the judgments of conviction and sentences entered on the jury's verdict. The two appeals have been consolidated for appellate review.

Appellants enumerate the general grounds. The evidence adduced at trial would authorize the following findings: The victim was robbed and beaten by four people who entered his home at gunpoint. Numerous items were taken in the robbery. A neighbor of the victim saw four individuals leave the victim's house and drive away in a white Buick Le Sabre, which was dented on one side and which bore Pennsylvania plates. The neighbor identified appellant Kennedy as one of the four individuals that he saw leaving the victim's house. After the four left his home, the victim began his own search for the perpetrators. An automobile which matched the description of the perpetrators' car was discovered in the parking lot of a local motel. The police were notified. The authorities began their investigation of the crime and discovered appellants and two other individuals in a room in the motel. In their possession were the guns used in the crime and items identified by the victim as having been taken from his home. In addition, the victim, who had been on the floor during the crime, identified appellant Wilson by his general build and by the distinctive shoes he was wearing at the time of the crime.

On this evidence appellant Wilson attacks the sufficiency of the evidence to identify him as one of the four perpetrators of the crime. Under all of the evidence, including the identification testimony of the victim, a finding that appellant Wilson was a perpetrator was authorized. See generally *Anderson v. State,* 249 Ga. 132 (287 SE2d 195) (1982); *Myron v. State,* 248 Ga. 120 (281 SE2d 600) (1981); *Johnson v. State,* 159 Ga. App. 333 (1) (283 SE2d 375) (1981); *Smith v. State,* 160 Ga. App. 574 (1) (287 SE2d 622) (1981); *Burgess v. State,* 162 Ga. App. 212 (290 SE2d 554) (1982); *Hardigree v. State,* 164 Ga. App. 591 (298 SE2d 585) (1982); *Allen v. State,* 147 Ga. App. 549 (249 SE2d 352) (1978).

Appellant Kennedy concedes that the evidence adduced at trial, including the identification testimony of the victim's neighbor, was sufficient to authorize her conviction. However, she asserts as error the alleged refusal of the trial court, in the hearing on her motion for

new trial, to consider evidence that the victim's neighbor was willing to recant his former positive identification testimony given at trial. Appellant asserts that this witness' willingness to change his testimony was newly discovered evidence which the trial court should have considered in ruling on the motion for new trial. See OCGA § 5-5-23 (Code Ann. § 70-204).

There is nothing in the record to support appellant Kennedy's assertion that the victim's neighbor was willing to retract his positive identification testimony. Appellant Kennedy called the neighbor at the hearing as her witness on the motion for new trial and the following question was propounded to him: "Isn't it true that you really can't say that [appellant] Kennedy was the person you referred to [at trial]? You couldn't actually identify her?" We are unable to determine what the witness' response would have been because the state's objection to the question was sustained and no proffer of the witness' testimony was made. "Where the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort that both courts can know whether . . . the evidence really exists. [Cit.]" *Byrd v. State,* 78 Ga. App. 824, 831 (52 SE2d 330) (1949).

Moreover, in the context of the hearing on the motion for new trial, it appears that the trial court did not err in sustaining the state's objection to the question. Even had the witness testified that he "really [couldn't] say that [appellant] Kennedy was the person [he] referred to [at trial]," such testimony would have been irrelevant as to the grant of a motion for new trial. Such testimony by the neighbor would "only [go] to his credit . . . and therefore, as impeaching evidence, is not newly discovered evidence of a nature to support the grant of a new trial." *Herrin v. State,* 230 Ga. 476, 478 (197 SE2d 734) (1973).

*Judgments affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 17, 1983.

*John D. Allen,* for appellant (case no. 65789).

*John D. Allen, H. Haywood Turner III,* for appellant (case no. 65790).

*William J. Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney,* for appellee.