## 69828. JOHNSON v. THE STATE.

(330 SE2d 925)

CARLEY, Judge.

Appellant was convicted of selling cocaine in violation of OCGA § 16-13-30 (b). He appeals from the judgment of conviction entered on the guilty verdict.

1. Appellant enumerates as error the general grounds. The evidence adduced at trial was as follows: A search warrant was executed at appellant's residence. As the police officers arrived, they stopped David Lackey leaving appellant's premises in a vehicle. In plain view on the floor of Lackey's vehicle was a corner of a small plastic bag containing cocaine. Lackey testified at trial that a friend had given him appellant's name and phone number in order to purchase cocaine. Lackey called the number and asked to speak with appellant. Someone came to the phone and Lackey asked if he could get a "quarter piece of cocaine." The person on the phone told Lackey to come to appellant's home. When Lackey arrived at appellant's home approximately five minutes later, he talked with appellant's co-indictee Charlotte Willborn, who lived with appellant as his common-law wife. Ms. Willborn told Lackey that appellant was not at the residence, and Lackey asked Ms. Willborn for a "quarter piece" of cocaine. Lackey did not have sufficient funds, so Ms. Willborn made a phone call. Ms. Willborn testified that she called the store where appellant sometimes worked, asked for appellant, and handed the phone to Lackey. Lackey testified that the voice over the phone told him that he could make up the difference later, and asked to speak with Ms. Willborn again. Ms. Willborn talked on the phone again and then sold the cocaine to Lackey, who was stopped by the police officers outside appellant's residence. The officers then searched appellant's residence. During the search they seized several scales and small plastic bags from the kitchen, three "quarter pieces" of cocaine from the bedroom, and a large bag containing cocaine residue. At trial, it was estimated that at one time the large bag had contained approximately one pound of cocaine. Investigator Roper testified that after the search, Ms. Willborn stated the following: that the cocaine was appellant's; that appellant had left the cocaine in her care; and that the phone conversation she had conducted in Lackey's presence had been with appellant. A police officer testified that a few minutes prior to the search, they had driven past appellant's home, at which time they had seen appellant in the front yard. Ms. Willborn testified at trial that on the date in question, appellant had been gone all day, but that prior to the search by the police, appellant had "come through the house and left," and that at that time she had seen appellant with the cocaine that she later sold to Lackey.

While not without conflict, the evidence in the instant case au-

thorized a finding that appellant sold the cocaine to Lackey. See generally *Whitacre v. State*, 155 Ga. App. 359, 362 (270 SE2d 894) (1980); *Hendrixson v. State*, 167 Ga. App. 516 (3) (306 SE2d 349) (1983), reversed on other grounds, 251 Ga. 853 (310 SE2d 526) (1984); *Anderson v. State*, 166 Ga. App. 459 (304 SE2d 550) (1983). *Benson v. State*, 172 Ga. App. 135, 137 (322 SE2d 339) (1984); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Enumerated as error is the failure of the trial court to instruct the jury on appellant's sole defense of alibi, even though he made no request for such a charge.

The defense of alibi generally goes to the accused's presence at the scene of the crime. See OCGA § 16-3-40. Although the State did not contend that appellant was present at his home when the cocaine was actually sold to Lackey, it did contend that his presence at his home when Lackey telephoned, and his ability to be reached by phone at the time of the sale of the cocaine showed his participation in such sale. Consequently, alibi was an issue in the case. Compare *Martin v. State*, 170 Ga. App. 854, 855 (2) (318 SE2d 724) (1984).

Even if it is the sole defense, "it is ordinarily not error to fail to charge specifically on alibi absent a request." *Rivers v. State*, 250 Ga. 288, 300 (298 SE2d 10) (1982). The record in the instant case reveals that "[t]he trial court did charge, completely and correctly, on the defendant's presumption of innocence, on the [S]tate's burden of proving beyond a reasonable doubt that the defendant committed the [crime] at issue, and on credibility of witnesses. The [S]tate produced evidence sufficient to prove beyond a reasonable doubt that the defendant perpetrated [the crime]; the defendant testified that he did not do so, and that he could not have done so because he was traveling to or in another [county where he could not be reached by telephone] at the time [the crime] occurred. The absence of a charge on alibi did not change the fact that no juror who believed the defendant's testimony could find that the [S]tate had carried its burden of proof." *Rivers v. State*, supra at 300. The trial court did not err in failing to charge on alibi absent a request. See *Brown v. State*, 251 Ga. 598, 601 (5) (308 SE2d 182) (1983). *Jones v. State*, 171 Ga. App. 184, 188 (319 SE2d 18) (1984).

3. Appellant enumerates as error the failure of the trial court to instruct the jury on the lesser included offense of possession. Appellant made no request for such a charge. The failure of the trial court to charge on a lesser included crime without a written request is not error. *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 345) (1976).

4. Appellant finally enumerates as error a portion of the trial court's charge to the jury. Appellant asserts only that the charge was confusing.

Our review of the charge as originally given reveals that it was

not confusing. It appears that appellant's contention is in fact addressed to the recharge on this issue which was undertaken pursuant to the jury's request for clarification. However, following the recharge, appellant's counsel was asked if he had any objections. He replied "None, your Honor." Accordingly, there was a waiver of the right to assert error in the trial court's recharge. See *White v. State*, 243 Ga. 250 (253 SE2d 694) (1979).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 30, 1985 —
REHEARING DENIED MAY 14, 1985 — 

*Darel C. Mitchell*, for appellant.
*John M. Ott, District Attorney, Steven A. Hathorn, Assistant District Attorney*, for appellee.