A96A2203. JOHNSON v. THE STATE.
(478 SE2d 404)

ANDREWS, Judge.

Robert Johnson was found guilty by a jury of selling cocaine. He appeals from the judgment of conviction and enumerates as error that: (1) the evidence was insufficient to support the conviction; (2) trial counsel was ineffective; (3) his character was improperly placed into issue; and (4) the trial court erroneously instructed the jury. We find no basis for reversal on these enumerations and affirm the

conviction.

1. The evidence was sufficient to support the conviction. The State produced testimony from two undercover police officers showing that they drove an unmarked car to an area known for illegal drug sales and initiated a conversation with Johnson, who was standing near a street corner. One of the officers asked Johnson if he had any drugs on him to sell, and Johnson said, "No." The officer asked Johnson if he knew where she could get some, and Johnson said, "What [do] you need?" The officer replied, "Twenty," the street term for a $20 rock of crack cocaine. Johnson whistled at and motioned for a juvenile to come over to the car and told the juvenile to sell the officer a twenty. The juvenile produced a substance that appeared to the officer to be crack cocaine and sold it to the officer. Shortly thereafter, other police officers in the area who were monitoring the sale arrested the juvenile and Johnson. The substance tested positive for cocaine at the state crime lab.

Johnson testified and said he spoke with the undercover officer and told her he had no drugs and did not sell them. He said that he told the officer some kids in the area sold drugs and that, about that time, a kid came up to the car and sold the cocaine to the officer. He testified that he had nothing to do with the sale and did not encourage the juvenile to sell the cocaine.

Although there were some conflicts in the testimony of the police officers as to the details of the sale, and Johnson testified that he was not involved, it is the function of the jury, not the appellate court, to determine the credibility of witnesses and resolve conflicts in the evidence. *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) (1996). On appeal from a criminal conviction, the defendant is no longer presumed innocent, and the evidence is viewed in the light most favorable to the verdict. *Grier v. State*, 218 Ga. App. 637, 638 (463 SE2d 130) (1995). The evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Johnson was guilty as a party to the sale of the cocaine. OCGA §§ 16-2-20; 16-2-21; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Johnson claims his trial counsel was ineffective because he failed to find the juvenile who sold the cocaine and produce him as a witness to testify that he (Johnson) was not involved in the cocaine sale.

"The Sixth Amendment right to assistance of counsel also guarantees a criminal defendant the right to effective assistance of counsel. *Black v. State*, 264 Ga. 550 (448 SE2d 357) (1994). In order to obtain the reversal of a conviction on a claim of ineffectiveness of counsel, a defendant has the burden of proof under both prongs of the test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). *Zant v. Moon*, 264 Ga. 93, 97 (440 SE2d

657) (1994). Under *Strickland,* supra, the defendant must prove: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. In determining whether or not counsel's performance was deficient under the first prong, a court must measure counsel's performance against an objective standard of reasonableness in light of all the circumstances and apply the strong presumption that all of counsel's significant decisions were made in the exercise of reasonable professional judgment. *Strickland,* supra; *Smith v. Francis,* 253 Ga. 782, 783 (325 SE2d 362) (1985). Under the second prong, the test is whether there was a reasonable probability that the outcome of the proceedings would have been different but for counsel's deficient performance. Id. 'A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous.' *Williams v. State,* 214 Ga. App. 106 (446 SE2d 789) (1994)." *Parker,* supra at 306-307.

We apply these standards to the claim of ineffectiveness. At the hearing on the motion for a new trial, trial counsel testified that Johnson gave him the name and address of the juvenile and said the juvenile could testify that he was not involved in the cocaine sale. Trial counsel testified he attempted to locate the juvenile but was unable to find him. The police officers who arrested the juvenile told trial counsel they did not know where he was. On two occasions, trial counsel obtained continuances of the trial because the juvenile had not been located. The case was tried after it was set down for the third time, and the trial court refused to grant another continuance. Although trial counsel testified that he did locate the juvenile after the trial, and that the juvenile told him Johnson was not involved in the sale, the juvenile did not appear and testify at the new trial motion hearing. Even assuming the juvenile would have testified that Johnson was not involved in the cocaine sale, there is ample evidence that trial counsel made reasonable efforts to locate the juvenile prior to the trial. Accordingly, there was no clear error in the trial court's determination that Johnson was afforded effective assistance of counsel, and we affirm the trial court's ruling.

3. Johnson contends the State improperly placed his character into issue, and the trial court erred by denying his motion for a mistrial.

After establishing that the area in which Johnson was arrested was known for illegal drug sales, the prosecutor asked one of the arresting officers if she was familiar with the area, and the officer responded that, "We had several complaints — these are Silent Witness complaints — that in reference to Mr. Johnson — that. . . ." Before the officer could say anything else, defense counsel objected that the reference to complaints in the area against Johnson improperly placed his character into evidence and moved for a mistrial. The

trial court denied the motion for a mistrial and gave curative instructions to the jury to disregard the testimony about complaints in reference to Johnson. Given that the testimony was non-responsive to the prosecutor's question, and the trial court gave proper curative instructions to the jury, we find no abuse of discretion in the trial court's determination that a mistrial was not necessary to preserve Johnson's right to a fair trial. *Beach v. State*, 258 Ga. 700, 701 (373 SE2d 210) (1988); *Stanley v. State*, 250 Ga. 3 (295 SE2d 315) (1982).

4. Johnson complains that the trial court repeated its charge to the jury regarding criminal intent and thereby unduly emphasized this charge and rendered the entire charge unfair. This claim has no merit. The record shows the trial court indicated it may have "garbled" this charge, so it repeated it for the sake of clarity. There was nothing even remotely unfair or prejudicial in repeating the charge. *Brown v. State*, 182 Ga. App. 682, 683 (356 SE2d 663) (1987).

Johnson also contends the trial court's charge had the effect of placing undue emphasis on Johnson's credibility. There is no claim that the trial court incorrectly charged on any principle of applicable law. We find no error.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 7, 1996 —
RECONSIDERATION DENIED NOVEMBER 25, 1996 — 

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney, Christine M. Sieger, Assistant District Attorney*, for appellee.