A98A1353. RICHARDSON v. THE STATE.
(505 SE2d 57)

Judge Harold R. Banke.

Eugene B. Richardson, Jr., was convicted of aggravated assault, pointing a pistol at another, and carrying a firearm to a public gathering. In his sole enumeration, Richardson challenges the sufficiency of the evidence, claiming he acted in self-defense.

This case arose after Richardson met his daughter at a local sports bar and consumed two or three drinks. As he prepared to leave, his daughter expressed concern over his driving ability. When Richardson rejected her effort to drive him home, she snatched his keys from him. The two then wrestled over the keys until Richardson

retrieved them and left.

The scuffle attracted the attention of two bouncers the tavern employed. When they approached the daughter and asked if Richardson was bothering her or trying to pick her up, she explained their relationship and her concerns about his driving.

At this, the bouncers, who were wearing black T-shirts with "Security" imprinted in neon yellow on the front and back, followed Richardson out to the parking lot. After finding him swaying back and forth unsuccessfully attempting to unlock his car, they announced their status as security guards and offered to call him a cab. After several minutes of discussion in which Richardson adamantly expressed his intent to drive, one of the bouncers took Richardson's keys. The two bouncers then started toward the bar to call a cab. At that point, Richardson stated, "Well, I don't care. I have got another set." When one of the bouncers turned back, Richardson pulled a pistol from his pocket, stuck it in the bouncer's face, and demanded his keys. Both bouncers then wrestled Richardson to the ground and disarmed him.

The police arrived shortly thereafter and arrested Richardson. At that time, Richardson told the arresting officer that, "[t]hese son-of-a-b—ches took my keys off me and all I want to do is drive home. And I told them I had another set of keys. So I pulled my gun and showed it to them." Richardson's permit to carry the weapon had expired. *Held*:

Richardson claims the evidence was insufficient to support the guilty verdict because he acted in self-defense, believing he was being robbed. We disagree.

On appellate review, we are bound to view the evidence in the light most favorable to the verdict. *Morris v. State,* 228 Ga. App. 90, 91 (1) (491 SE2d 190) (1997). Our review here is limited solely to sufficiency. *Jackson v. Virginia,* 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). Although Richardson seeks a reweighing of the evidence and a reassessment of the witnesses' credibility, this we cannot do. *Blackwell v. State,* 229 Ga. App. 452, 455 (3) (494 SE2d 269) (1997).

Here, the security guards' testimony refuted Richardson's claim of self-defense and was clearly sufficient to establish each element of the offenses beyond a reasonable doubt. See *Hightower v. State,* 224 Ga. App. 703, 704-705 (2) (481 SE2d 867) (1997); OCGA §§ 16-5-21 (a) (2); 16-11-102; 16-11-127 (a). Thus, the jury's decision to disbelieve Richardson's version of the events at issue must be upheld. *Weems v. State,* 267 Ga. 182, 183 (1) (476 SE2d 585) (1996).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JULY 29, 1998 —
RECONSIDERATION DENIED AUGUST 17, 1998.

*Farless & Newton, William H. Newton III*, for appellant.
*Tambra P. Colston, District Attorney, Bryant G. Speed II, Lisa W. Tarvin, Assistant District Attorneys*, for appellee.