A98A1716. SEESE v. THE STATE.
(509 SE2d 94)

BEASLEY, Judge.

Seese was convicted of two counts of aggravated assault (OCGA § 16-5-21). He enumerates as error the trial court's failure to give, sua sponte, jury charges on alibi and identification. Seese also claims ineffective assistance of counsel.

On December 6, 1995, at about 11:00 p.m., Seese walked along a sidewalk toward a car parked in the parking lot of Applebee's Restaurant on Marietta Parkway. The car was occupied by Charman Hobgood and William Young, both of whom had just returned to their parked car from Christmas shopping. Hobgood saw Seese approach-

---

ing and noticed he had a gun in his hand. When Seese passed in front of the car, just a hood-length from Hobgood, he raised his arm and pointed the gun toward the windshield. Hobgood exclaimed: "That man's got a gun!" Young told Hobgood to act like she did not see Seese. The frightened couple pretended to be kissing, hoping that Seese would ignore them and walk on. Young saw Seese walk to some bushes and aim the gun at him and then at Hobgood. Seese repeated this motion and then walked away. Hobgood and Young called the police.

The police immediately suspected Seese, who lived in a house behind Applebee's and was arrested in 1993 for carrying a gun on the restaurant premises. Young was able to pick Seese out of a photographic line-up and to identify him at trial. Hobgood identified Seese at trial but could not make a positive identification from police photographs.

Seese testified that he was not at Applebee's on the night of the assault. He claimed to have been at O'Shea's bar, located near Applebee's on Franklin Road, from 10:00 p.m. until 2:00 a.m. The investigating officer, who interviewed Seese shortly after the incident, testified that Seese was unable to tell him when he arrived at O'Shea's or when he left. On cross-examination, Seese admitted he had been drinking heavily that night and that he did not recall what he told the investigator.

1. In his first two enumerations of error, Seese contends the trial court erred in failing to give a jury charge on his sole defense of alibi. The court did not give a charge on alibi because, although Seese's attorney initially requested the charge, he withdrew it. Seese's attorney did not reserve exceptions to the charge as a whole when the court inquired.

Seese waived any right to enumerate this as error. " 'In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure . . ., of reserving the right to object on motion for new trial or on appeal.' "[1] Here, as in *Phillips v. State*,[2] defense counsel neither objected nor reserved the right to later object. " '[U]nder such circumstances, (appellant) has waived the right to raise the issue on appeal.' *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980)."[3]

Moreover, alibi is not an affirmative defense, either under statute or common law. It generally challenges the assertion of defend-

[1] *Phillips v. State*, 162 Ga. App. 471, 472 (5) (291 SE2d 776) (1982). See also *Weathers v. State*, 202 Ga. App. 849, 852 (3) (415 SE2d 690) (1992); *Burgess v. State*, 162 Ga. App. 212 (3) (290 SE2d 554) (1982).

[2] Id.

[3] Id.

ant's presence at the scene of the crime,[4] obviously a necessary element. As established in *Rivers v. State*,[5] it was not error for the court to fail to charge specifically on alibi absent a request.[6] The rationale is that "since the true effect of an alibi defense is to traverse the state's proof that the defendant committed the crime, the charge that the burden is on the state to prove that the defendant committed the crime beyond a reasonable doubt itself necessarily covers the question of whether the evidence of alibi was sufficient to create a reasonable doubt."[7] We have held that even if alibi is "the sole defense," a request must be made.[8]

2. The second enumeration contends the trial court erred in failing to give a charge on identity. Seese neither requested the charge nor reserved exceptions to the charge as a whole when the court inquired. Again, he failed to preserve error, if any, for our review.[9]

3. Seese argues for the first time on appeal that he was denied effective assistance of counsel because his trial attorney did not request jury charges on alibi or identity and failed to reserve exceptions to the charge. Following his trial, Seese was appointed new counsel who filed a motion for new trial. The motion, which did not allege ineffective assistance of counsel, was denied. Seese then filed a motion for reconsideration and argued that he was denied effective assistance due to the failure to request a jury charge on the misdemeanor offense of pointing a gun at another, OCGA § 16-11-102. The court denied the motion, which ruling is not appealed. There is now new counsel yet again.

"[Seese] through appellate counsel raises a second claim of ineffective assistance of counsel against trial counsel, basing that claim on grounds which are different from those supporting the original claim of ineffective assistance. . . . A defendant has an obligation to raise all allegations of ineffective assistance of counsel at the earliest practicable moment, and any allegation not raised is deemed waived."[10] The appellate court reviews alleged trial court errors, so the trial court must first be asked to rule. Because Seese's first new counsel had the opportunity to raise these additional allegations of ineffective assistance of counsel in his motion for new trial and (to

---

[4] *Johnson v. State*, 174 Ga. App. 751, 752 (2) (330 SE2d 925) (1985).

[5] 250 Ga. 288, 299-300 (8) (298 SE2d 10) (1982).

[6] See *Griffin v. State*, 267 Ga. 586 (1) (481 SE2d 223) (1997) (there are affirmative defenses, such as accident, in addition to those statutorily enumerated; State has burden to disprove affirmative defense).

[7] *Rivers*, supra at 300; OCGA § 5-5-24 (c) is not implicated.

[8] *Johnson*, supra.

[9] *Hamby v. State*, 158 Ga. App. 265 (3) (279 SE2d 715) (1981).

[10] *Hayes v. State*, 262 Ga. 881, 882 (2) (426 SE2d 886) (1993). See also *Stone v. State*, 229 Ga. App. 367, 370-371 (2) (494 SE2d 48) (1997).

the extent it is a valid means procedurally) motion for reconsideration, but failed to do so, "his challenge to the effectiveness of his trial counsel [on these grounds] is procedurally barred, and no remand is required."[11]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 9, 1998.

*William R. Carlisle*, for appellant.

*Benjamin F. Smith, Jr., District Attorney, Debra H. Bernes, Maria B. Golick, Nancy I. Jordan, Assistant District Attorneys*, for appellee.

---

[11] *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994) (no challenge to effectiveness at trial level at all).