## A99A2003. ASHLEY v. THE STATE.
(523 SE2d 901)

ELDRIDGE, Judge.

Appellant Terry Melvin Ashley challenges the denial of his motion for new trial, which followed his July 1997 conviction for burglary. We affirm.

"On appeal from a criminal conviction, the defendant is no longer presumed innocent, and the evidence is viewed in the light most favorable to the verdict. [Cit.]" *Johnson v. State*, 223 Ga. App. 668, 669 (1) (478 SE2d 404) (1996). The evidence presented at trial showed that, on April 26, 1997, Doris Hope operated a personal care home at 1728 Wrightsboro Road, Augusta, Richmond County. Hope's grandson, Dennis Futch, and his fiancée, Kimberly Cook, were staying overnight with Hope and sleeping on a sofa bed in the living room. The light in a nearby bathroom was kept on all night in order to assist the elderly residents.

At approximately 4:20 a.m., Cook's baby began to cry, and Cook went to the kitchen for a bottle. When the baby continued crying, Cook began looking for a clean diaper. Cook noticed something that resembled the diaper bag under the bed, but when she touched it, she realized it was a person. As she cried out, a man suddenly "shot out" from under the opposite side of the bed. Futch woke up, and they both saw the man run into the bathroom and shut the door. When Futch pushed on the door, the intruder "dove" out the bathroom window. Futch ran out the back door and gave chase, but lost sight of the intruder when the intruder ran around the corner.

At trial, both Futch and Cook testified that the intruder wore a white or light-colored shirt and pants, but they did not see his face. Cook also testified that, after the intruder had left, she noticed that someone had opened a bag next to the bed containing some of the family's belongings; she stated that the bag had been closed when they went to bed. According to Cook, it appeared that someone had "fumbled through" the bag. Futch testified that he later discovered that someone had removed the screen from the bathroom window and had placed a garbage can under the window.

Within minutes, police officers responded to a distress call from 1720 Wrightsboro Road, just down the street from Hope's home. The resident reported to police that someone was "banging around" on her back door and/or attempting to enter the residence. When police arrived, they found Ashley sitting on the back porch, "extremely intoxicated." Ashley had on white pants and a white sweatshirt. The police photographed Ashley at the scene, and the State introduced the photographs at trial. The police searched Ashley for weapons and found a knife, which was admitted as evidence at trial.

Soon thereafter, Futch arrived at the scene "screaming and yell-

ing" that "[t]hat's the guy that broke into my house." Police arrested Ashley and charged him with burglary.

Ashley testified at trial and denied any involvement with the burglary. He asserted two defenses, as follows: (a) he had been drinking at a nearby, unidentified club at the time of the burglary and was walking home when the police stopped him, arrested him, and took him to 1720 Wrightsboro Road; and (b) at the time of the crime, he was physically unable to commit the crime, as he was extremely intoxicated and could barely walk, "much less climb anywhere." He also claimed that he, himself, had just been robbed of his shoes and $270. However, on cross-examination, he stated that he had "cut through" the building at 1720 Wrightsboro Road and "may have stumbled or fell" onto the back porch.

Following Ashley's conviction, appellate counsel filed a motion for new trial based upon general grounds. New counsel was appointed on October 8, 1998, and filed an amended motion for new trial. On December 30, 1998, the trial court denied the motion on all grounds. Ashley appeals. *Held:*

1. In his first enumeration, Ashley contends that the evidence presented was purely circumstantial and did not support his burglary conviction.[1] On appeal, this Court reviews only the sufficiency of the evidence; the credibility and weight to be accorded the evidence are tasks for the jury. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Richardson v. State*, 233 Ga. App. 890, 891 (505 SE2d 57) (1998).

Even if the evidence presented was, as asserted, entirely circumstantial, we note that

> [t]o support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. Under this rule, the [S]tate is not required to remove every possibility of innocence of the crime charged.

(Citations omitted.) *Haney v. State*, 234 Ga. App. 214, 216 (1) (507 SE2d 18) (1998). See also *Ware v. State*, 198 Ga. App. 24, 26 (1) (400 SE2d 384) (1990). After reviewing the evidence in the record, this Court finds that the evidence was sufficient for a rational trier of fact to find Ashley guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, supra.

2. In his second enumeration of error, Ashley asserts that the

---

[1] "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another." OCGA § 16-7-1 (a).

trial court committed reversible error in failing to give a jury instruction on alibi,[2] even absent a request.[3] It is undisputed that no such instruction was requested. See also Division 3, infra.

This issue is controlled by the Supreme Court of Georgia's ruling in *Rivers v. State*, 250 Ga. 288, 300 (8) (298 SE2d 10) (1982), which reads as follows:

> since the true effect of an alibi defense is to traverse the [S]tate's proof that the defendant committed the crime, the charge that the burden is on the [S]tate to prove that the defendant committed the crime beyond a reasonable doubt itself necessarily covers the question of whether the evidence of alibi was sufficient to create a reasonable doubt. [Therefore,] it is ordinarily not error to fail to charge specifically on alibi absent a request. . . . [In this case, the] trial court did charge, completely and correctly, on the defendant's presumption of innocence, on the [S]tate's burden of proving beyond a reasonable doubt that the defendant committed the crimes at issue, and on credibility of witnesses. The [S]tate produced evidence sufficient to prove beyond a reasonable doubt that the defendant perpetrated these crimes; the defendant testified that he did not do so, and that he could not have done so because he was [walking home while heavily intoxicated after drinking at a club] at the time [the crime] occurred. The absence of a charge on alibi did not change the fact that no juror who believed the defendant's testimony could find that the [S]tate had carried its burden of proof.

(Citations omitted.) See also OCGA § 5-5-24; *Booker v. State*, 247 Ga. 74 (274 SE2d 334) (1981) (an affirmative defense "need not be specifically charged if the case as a whole is fairly presented to the jury. [Cit.]"); *Hightower v. State*, 224 Ga. App. 703, 704 (1) (481 SE2d 867) (1997); *Green v. State*, 219 Ga. App. 24 (464 SE2d 21) (1995).

Accordingly, there was no error.

---

[2] An alibi defense "involves the impossibility of the accused's presence at the scene of the offense at the time of its commission. The range of [the] evidence in respect to time and place must be such as reasonably to exclude the possibility of presence." OCGA § 16-3-40.

[3] Contrary to Ashley's contentions, the alibi that he presented during trial was not his sole defense, as he also asserted that he was physically incapable of committing the crime because of his extreme intoxication. Accordingly, the "sole defense" cases cited by Ashley are inapplicable herein. See *Wells v. State*, 200 Ga. App. 104, 105 (1) (407 SE2d 86) (1991); *Tiller v. State*, 118 Ga. App. 590 (1) (164 SE2d 915) (1968). Further, even if alibi had been his sole defense, failure to charge on alibi absent a request is not error. *See Seese v. State*, 235 Ga. App. 181, 183 (1) (509 SE2d 94) (1998); *Johnson v. State*, 174 Ga. App. 751, 752 (330 SE2d 925) (1985).

3. In his third enumeration, Ashley asserts that he was denied effective assistance of counsel due to trial counsel's failure to request a jury instruction on alibi or misidentification. See Division 2, supra. In order to prove ineffective assistance, a defendant must show that his trial counsel's performance was deficient and that there was a reasonable possibility that the results of the proceedings would have been different but for counsel's errors. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citations and punctuation omitted.) *Brown v. State*, 237 Ga. App. 231, 233 (2) (517 SE2d 529) (1999).

In this case, trial counsel testified at the motion for new trial that he had questioned Ashley prior to trial and that

[i]t was very difficult to formulate a defense for Mr. Ashley because basically what Mr. Ashley was saying was just that it was a mistake and that he was not [at the crime scene]. . . . He really never told me that he had an alibi; he just said, I wasn't there, or I don't recall being there.

Counsel testified that, based on the information he received from Ashley, he did not file a jury instruction on alibi because he did not feel it was "appropriate" under the circumstances. Such testimony is bolstered by the fact that counsel did not respond to the State's demand for written notice of his intent to introduce alibi evidence.

However, counsel submitted several other jury instructions, filed discovery motions, discussed discovery with Ashley, cross-examined the State's witnesses at trial, and filed an application for sentence review. He testified that he could not call any other defense witnesses because "there was nobody else to call." He also attacked Futch's identification of Ashley as the perpetrator during closing arguments.[4]

Under the facts of this case, trial counsel could hardly be expected to file a pre-trial, written request for a jury instruction regarding a defense of which he was unaware, particularly when such circumstance is due solely to Ashley's own failure to assert an alibi until his testimony at trial. Accordingly, the trial court did not err in finding that trial counsel's representation was not deficient.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 21, 1999.

*Elizabeth C. Calhoun*, for appellant.

---

[4] Closing arguments were not transcribed.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

