A05A2232. TAYLOR v. THE STATE.
(623 SE2d 237)

BLACKBURN, Presiding Judge.

Following a jury trial in which he was convicted of pointing a pistol at another, Nelson Baker Taylor appeals the trial court's denial of his motion for a new trial, contending that the evidence was insufficient to support his conviction because he had legal justification for pointing the pistol. For the reasons below, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Punctuation omitted.) *Newman v. State*.[2]

Viewed in this light, the record shows that while driving slowly in heavy traffic, Taylor became angry about the way another motorist, William Sullins, had been driving. After a brief exchange of words and gestures from inside their cars, Taylor pulled a handgun from

---

[10] *Brown v. State*, 278 Ga. 544, 549 (11) (604 SE2d 503) (2004).

[11] *Roulain v. Martin*, 266 Ga. 353, 354 (2) (466 SE2d 837) (1996).

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Newman v. State*, 233 Ga. App. 794 (1) (504 SE2d 476) (1998).

behind the passenger seat and pointed it at Sullins. Sullins, who was unarmed, ducked his head and turned into his workplace as Taylor continued along the road. After a witness called the police and provided them with Taylor's license number, Taylor was arrested. Following his conviction, the trial court denied his motion for a new trial, giving rise to this appeal.

Taylor argues on appeal that the evidence was insufficient to support his conviction, in that he had legal justification to point the pistol at Sullins. We disagree.

OCGA § 16-11-102 provides: "A person is guilty of a misdemeanor when he intentionally and without legal justification points or aims a gun or pistol at another, whether the gun or pistol is loaded or unloaded." Here, Taylor pointed his gun at Sullins despite the fact that Sullins was unarmed and never left his car. The threatening gestures testified to by Taylor were denied by Sullins. The jury was properly instructed as to the justification defense, and, based on the evidence presented at trial, the jury was entitled to find Taylor acted without justification. See *Johnson v. State*[3] ("[e]ven if the alleged victim had endangered the life of the accused's daughter by the reckless driving of his automobile in which she was a passenger at some time previously to the alleged assault, this fact affords no legal justification for ... pointing a pistol at him"). "Although [Taylor] seeks a reweighing of the evidence and a reassessment of the witnesses' credibility, this we cannot do." *Richardson v. State*.[4] Therefore, we discern no error.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED NOVEMBER 17, 2005.

*Charles V. Gandy, Jr.*, for appellant.

*Shawn E. LaGrua, Solicitor-General, Ellen G. Maurice, Assistant Solicitor-General*, for appellee.

---

[3] *Johnson v. State*, 122 Ga. App. 542, 543 (2) (178 SE2d 42) (1970).
[4] *Richardson v. State*, 233 Ga. App. 890, 891 (505 SE2d 57) (1998).